THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALLAN L. GANN, Defendant-Appellant.

Third District   No. 3—85—0307

Opinion filed February 21, 1986.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Allan L. Gann, was charged by indictment with the offenses of aggravated criminal sexual abuse and public indecency. After a stipulated bench trial, the defendant was found guilty of both offenses. A judgment of conviction was subsequently entered only on the aggravated criminal sexual abuse count. The circuit court of Tazewell County sentenced defendant to a four-year term of probation and six months' county jail time.

On appeal, defendant raises various constitutional challenges which we need not address, as we do not find that defendant committed an act of aggravated criminal sexual abuse. The pertinent section of the Criminal Code of 1961 provides:

"(c) The accused commits aggravated criminal sexual abuse if:

(1) The accused was 17 years of age or over and commits an act of sexual conduct with a victim who was under 13 years of age when the act was committed." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—16(c)(1).)

Sexual conduct is then defined in section 12—12(e), which provides:

"(e) 'Sexual conduct' means any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—12(e).)

Defendant was charged under the statute as a result of masturbating in the presence of a victim under the age of 13.

In interpreting a statute, words are to be given their plain meaning whenever possible. The phrase "with a victim" in section 12—16(c)(1) of the Criminal Code of 1961 implies more than sexual conduct in the presence of a victim. Rather, it requires that there be actual physical contact between a victim and an accused. Any other interpretation of the phrase "with a victim" would elevate conduct constituting public indecency, a Class A misdemeanor, to the status of a Class 2 felony. We find that the conduct of defendant is already addressed in the lewd exposure section of the public indecency statute. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 11—9(a)(2).) Moreover, there is no indication that the legislature intended to include such conduct in the felony provisions of the criminal sexual assault law of 1984. The purpose of the statute is to proscribe sexual contact between the unwary minor and the unscrupulous elder. We note that the conduct of

the defendant is not without criminal sanction. As such, we cannot conclude that the legislature intended to elevate the misdemeanor of public indecency to the felony offense of aggravated criminal sexual abuse in the absence of physical contact between the victim and the accused.

Accordingly, we reverse. Because a judgment of conviction was not entered for public indecency, we hereby enter such judgment and remand for sentencing thereon.

Reversed and remanded.

SCOTT, P.J., and BARRY, J., concur.