(No. 80367.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LONNIE H. JONES, Appellant.

*Opinion filed January 30, 1997.*

McMORROW, J., dissenting.

Daniel D. Yuhas, Deputy Defender, and Arden J. Lang, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

James E. Ryan, Attorney General, of Springfield, and Richard L. Broch, State's Attorney, of Tuscola (Barbara A. Preiner, Solicitor General, and Arleen C. Anderson and Margaret M. O'Connell, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Following a jury trial in the circuit court of Douglas County, defendant, Lonnie H. Jones, was convicted of

attempt (aggravated criminal sexual abuse) (720 ILCS 5/8—4, 12—16(d) (West 1992)) and sentenced to a prison term of five years. The appellate court, in a divided opinion, affirmed. 276 Ill. App. 3d 1006. We allowed defendant's petition for leave to appeal (155 Ill. 2d R. 315).

A criminal information, filed January 25, 1994, charged defendant with attempt (aggravated criminal sexual abuse). The information alleged that, with the intent to commit the offense of aggravated criminal sexual abuse, defendant "performed a substantial step toward the commission of that offense, in that he disrobed in the presence of [D.R.], who was at least 13 years of age but under 17 years of age at the time, stimulated his [own] penis to erection and requested the said [D.R.] to masturbate him to orgasm, for the purpose of the sexual gratification of the defendant; and that said defendant was at least 5 years older than [D.R.]."

At trial, the complainant, D.R., testified that he was born on January 18, 1977, and was 16 years and 10 months old on November 12, 1993. Around 7 p.m. that evening, he went to Chad Williams' apartment in Newman for a party, after receiving an invitation from Williams and another friend, Matt Hutcherson. Defendant, whom D.R. had never met before, was at the apartment when the three arrived. The four men spent the evening drinking beer, with defendant purchasing an additional supply at some point.

Williams and Hutcherson had either fallen asleep or passed out in the living room by 11:45 p.m., and defendant went into the bedroom. D.R. testified that he could not sleep, so about 11:57 p.m. he knocked on the bedroom door, went in and began talking with defendant. After a while, defendant got undressed and sat naked on the floor with his back against the bed. The two continued talking, with D.R. sitting on the floor next to

a wall, and then defendant asked if he could masturbate D.R. Defendant also asked D.R. to masturbate him. These requests made D.R. fearful, so he replied "No," and started to leave the bedroom. D.R. testified that, at this point, defendant told him not to tell anyone about the incident "or otherwise he'd get me, and if he couldn't, he had somebody that would." D.R. then went into the living room and lay down next to his friend Williams, but did not leave the apartment because he was afraid defendant would come after him.

Under cross-examination, D.R. admitted that defendant had never touched him and that he had been free to leave at any time. D.R. stated that, out of embarrassment, he did not report the incident to anyone for several months. Eventually, he spoke to Police Chief Russell Stephens, but forgot to mention one of defendant's two requests for sexual conduct. D.R. denied telling Stephens that defendant came out of the bedroom and took his clothes off in the living room, but admitted telling Stephens that defendant was masturbating himself when he talked to D.R. D.R. then conceded that in his April 15, 1994, statement to State's Attorney Richard Broch, he said he had not been looking at defendant and could not tell whether or not defendant was touching himself or his penis.

City of Newman Police Chief Russell Stephens testified for the defense that he interviewed D.R. on January 21, 1994. D.R. told him that he was spending the night with Williams and Hutcherson in the apartment when defendant arrived. D.R. further stated that defendant approached him in the room where Williams and Hutcherson were sleeping, took off his clothes, obtained an erection, and asked D.R. to masturbate him. Stephens testified that D.R. gave no indication in his statement that defendant had threatened him. For the State, Stephens testified as to his opinion, based on his experience

as a police officer, that defendant was 28 or 29 years old as of November 1993, and estimated that defendant was at least 10 years older than D.R.

Before this court, defendant challenges the sufficiency of the evidence supporting his conviction and contends that he did not receive a fair trial because the trial court: (1) erroneously refused his tendered jury instruction on the affirmative defense that he had a reasonable belief the complainant was 17 years of age or older; (2) erroneously refused his tendered instruction on the lesser included offense of public indecency based on lewd exposure; and (3) gave a misleading instruction on the definition of sexual conduct. We believe the affirmative defense instruction issue to be dispositive.

At trial, defense counsel tendered, and the trial court refused, the following instruction:

"It is a defense to the charge of aggravated criminal sexual abuse that the defendant reasonably believed [D.R.] to be 17 years of age or older." See Illinois Pattern Jury Instructions, Criminal, No. 11.64 (3d ed. 1992).

This instruction is based on section 12—17(b) of the Criminal Code of 1961 (720 ILCS 5/12—17(b) (West 1992)), which operates as an affirmative defense. See *People v. Cora*, 238 Ill. App. 3d 492, 499-500 (1992); *People v. Brown*, 171 Ill. App. 3d 391, 397-98 (1988). The appellate court majority below affirmed the trial court's decision, stating: "On this record, we cannot say that the evidence presented by the State fairly raised the issue of the affirmative defense so as to require the trial judge to instruct the jury in this regard." 276 Ill. App. 3d at 1009. We agree with the appellate court dissent that defendant's instruction should have been given to the jury to consider and that it was reversible error to prevent defendant from presenting this defense by means of the tendered instruction. 276 Ill. App. 3d at 1011-13 (Cook, P.J., dissenting).

A defendant is entitled to an instruction on his the-

ory of the case if there is some foundation for the instruction in the evidence, and if there is such evidence, it is an abuse of discretion for the trial court to refuse to so instruct the jury. *People v. Crane*, 145 Ill. 2d 520, 526 (1991). Very slight evidence upon a given theory of a case will justify the giving of an instruction. *People v. Bratcher*, 63 Ill. 2d 534, 540 (1976); see also *People v. Moore*, 250 Ill. App. 3d 906, 915 (1993); *People v. Lyda*, 190 Ill. App. 3d 540, 544 (1989). As the appellate court dissent noted: "In deciding whether to instruct on a certain theory, the court's role is to determine whether there is some evidence supporting that theory; it is not the court's role to weigh the evidence." 276 Ill. App. 3d at 1012 (Cook, P.J., dissenting); see also *Lyda*, 190 Ill. App. 3d at 544.

In order to avail himself of the affirmative defense at issue, a defendant is required to produce some evidence at trial to demonstrate the existence of a reasonable belief that the victim was 17 years of age or older. See *People v. Kite*, 153 Ill. 2d 40, 44-45 (1992); *Cora*, 238 Ill. App. 3d at 500. However, the defendant will be excused from presenting any evidence where the evidence presented by the State raises the issue of the affirmative defense. See *Cora*, 238 Ill. App. 3d at 500; 720 ILCS 5/3—2(a) (West 1992). In essence, unless the evidence before the trial court is so clear and convincing as to permit the court to find as a matter of law that there is no affirmative defense, the issue of whether a defendant should be relieved of criminal liability by reason of his affirmative defense must be determined by the jury with proper instruction as to the applicable law. See *Lyda*, 190 Ill. App. 3d at 545.

In the case at bar, the State's evidence alone was sufficient to raise the issue of defendant's reasonable belief that D.R. was 17 years of age or older. At the time of the offense, D.R. was 16 years and 10 months old, and

defendant did not know D.R. prior to the incident. Further, D.R. was consuming alcohol, an activity restricted to adults, when defendant met him, and D.R. was apparently free to stay overnight at his friend's apartment. Additionally, the jury saw D.R. testify and was able to observe his appearance and demeanor so as to determine whether there was a reasonable doubt that defendant believed D.R. to be 17 years old.

The appellate court majority's reliance on *People v. Lemons*, 229 Ill. App. 3d 645 (1992), for its holding is misplaced. As the dissent noted:

> "The *Lemons* defendant did not appeal any failure to instruct, but argued the State failed to prove beyond a reasonable doubt his belief as to the victim's age. The appellate court held a rational trier of fact could have found against defendant on that issue (a holding unavailable in the present case because the trier of fact was not instructed on the issue), but went on in *dicta* to indicate the evidence was not sufficient to impose on the State the burden of proving that defendant's belief was unreasonable." 276 Ill. App. 3d at 1012 (Cook, P.J., dissenting).

*Lemons* is also distinguishable on its facts, where the victim was only 14 and there was evidence that the defendant was told the victim's age before the offense occurred. See *Lemons*, 229 Ill. App. 3d at 652.

As earlier stated, defendant was not required to testify or offer any evidence making his reasonable belief of the victim's age an issue. The circumstantial evidence presented by the State was sufficient to raise the affirmative defense. Indeed, mental states are not commonly proved by direct evidence, but are more often inferred from the character of a defendant's acts and the circumstances surrounding the commission of the offense. *People v. Terrell*, 132 Ill. 2d 178, 204 (1989); see also *People v. Summers*, 202 Ill. App. 3d 1, 10 (1990).

We conclude that defendant was entitled to the benefit of the affirmative defense as shown by the evidence in the record. The State then would have to prove be-

yond a reasonable doubt that defendant did not reasonably believe the victim to be 17 years of age or over. 720 ILCS 5/3—2(b) (West 1992). Ultimately, it was for the jury to determine whether defendant had a reasonable belief that the victim had attained the age of 17 years. Absent defendant's tendered instruction, the jury lacked the necessary tools to analyze the evidence fully and to reach a verdict based on those facts. See *Lyda*, 190 Ill. App. 3d at 546. The resulting denial of due process requires that defendant be granted a new trial.

Defendant also contends that the evidence was insufficient to sustain his conviction for attempt (aggravated criminal sexual abuse), and this question must be decided in order to remove the risk of subjecting defendant to double jeopardy. *People v. Taylor*, 76 Ill. 2d 289, 309 (1979). Defendant argues that the offense of aggravated criminal sexual abuse requires an act of sexual conduct with the victim (720 ILCS 12—16(d) (West 1992)), and that the mere request for sexual conduct with the victim does not constitute a "substantial step" towards the commission of that offense necessary to establish attempt (720 ILCS 5/8—4(a) (West 1992)). However, D.R. testified that defendant "[got] completely undressed" and then requested that they engage in acts of mutual masturbation. After careful consideration, we agree with the appellate court that this act of exposure, when added to the request for sexual conduct, was sufficient to constitute a substantial step notwithstanding the lack of any actual contact between defendant and the victim. 276 Ill. App. 3d at 1008-09, citing *People v. Brewer*, 118 Ill. App. 3d 189 (1983). We therefore believe the evidence at trial was sufficient for the jury to conclude that defendant was guilty beyond a reasonable doubt, but note that this is not a finding that would be binding on retrial. *Taylor*, 76 Ill. 2d at 309-10.

Finally, we consider defendant's arguments regard-

ing other alleged erroneous instructions, to prevent these questions from arising on retrial. Defendant contends that the trial court erred in refusing his tendered instruction on the lesser included offense of public indecency based on lewd exposure (720 ILCS 5/11—9(a)(2) (West 1992)). The appellate court concluded that public indecency based on lewd exposure was not an included offense of attempt (aggravated criminal sexual abuse). 276 Ill. App. 3d at 1011.

In *People v. Novak*, 163 Ill. 2d 93 (1994), we reaffirmed our preference for the charging instrument approach in identifying lesser included offenses. Under this approach, an offense is deemed to be a lesser included offense if it is described by the charging instrument. *Novak*, 163 Ill. 2d at 107. At a minimum, the instrument charging the greater offense must " 'set out the main outline of the lesser offense.' " *Novak*, 163 Ill. 2d at 107, quoting *People v. Bryant*, 113 Ill. 2d 497, 505 (1986). Contrary to the appellate court's holding, we find that the lesser included offense at issue was adequately described by the charging instrument. It is clear from the language of the information, as set forth above, that the "main outline" of the offense of public indecency based on lewd exposure can be found therein. See 720 ILCS 5/11—9 (West 1992). However, "[t]he identification of a lesser included offense does not automatically give rise to a correlative right to have the jury instructed on the lesser offense." *Novak*, 163 Ill. 2d at 108.

Before a defendant is entitled to a lesser included offense instruction, the trial court must examine the evidence presented and determine if it would "permit a jury rationally to find the defendant guilty of the lesser included offense and acquit him or her of the greater offense." *Novak*, 163 Ill. 2d at 108. In the case at bar, there was no evidence presented, by either the State or defense, that the defendant's act of exposure was "done

with intent to arouse or to satisfy the sexual desire of the [defendant]." 720 ILCS 5/11—9(a)(2) (West 1992). Rather, the evidence showed that defendant disrobed in the hope of achieving sexual gratification through *sexual conduct* with D.R. Thus, the trial court did not err in refusing to give the lesser included offense instruction, because the jury could not have rationally convicted defendant of public indecency based on lewd exposure where it was not established that that act was done with the intent to arouse or satisfy defendant's sexual desire. See *People v. Harris*, 205 Ill. App. 3d 873, 876 (1990).

Defendant also contends that the trial court erred when it gave a misleading and incorrect instruction on the definition of sexual conduct. For the reasons stated by the appellate court (276 Ill. App. 3d at 1010), we agree with defendant and trust that this error will not be repeated on retrial.

For the foregoing reasons, the judgments of the circuit and appellate courts are reversed and this cause is remanded for a new trial consistent with the views expressed herein.

*Reversed and remanded.*

JUSTICE McMORROW, dissenting:

I respectfully dissent because I believe that defendant's conviction should be reversed outright. In my opinion, the State failed to prove, and cannot prove, under the facts in this case, that defendant committed the crime of attempted aggravated criminal sexual abuse. The facts in the case at bar do not constitute attempted aggravated criminal sexual abuse, and therefore defendant should not be subjected to another trial. Scrutiny of the record and study of the pertinent case law reveal that the State failed to carry its burden of proving that defendant committed a criminal attempt by taking the requisite "substantial step" toward perpetrating aggravated criminal sexual abuse. If the

proof of any element of the charged crime is lacking or deficient, defendant is entitled to acquittal as a matter of law. To retry him under such circumstances would violate the constitutional prohibition against double jeopardy. Therefore, I dissent from my colleagues' decision to remand this cause for new trial.

The majority reverses the appellate court's affirmance of the conviction, based on one issue of trial error, and remands for new trial. The majority concludes that defendant was entitled to a jury instruction on the affirmative defense that he reasonably believed that the victim was 17 years of age or older. Defendant did not testify to what age he believed D.R. to be, nor did defense counsel introduce any evidence to show that defendant believed the victim to be older than he actually was. However, the opinion cites to cases which permit a defendant to tender an affirmative defense instruction even if defendant presents no affirmative evidence, as long as there is evidence in the record which supports an inference in favor of such a defense. In this case the actual or apparent age of the complaining witness is important. The fact that D.R. was only two months less than 17 years of age and that he was allowed to stay out all night and drink alcohol warrants the giving of an instruction to the jury to decide whether defendant had a reasonable belief that D.R. was not under age.

Notwithstanding my agreement with the conclusion of the majority that defendant's affirmative defense instruction should have been given, I believe there are more cogent reasons why defendant's conviction should be reversed. First and foremost, the majority opinion does not address the question of whether the State's evidence against defendant duly proved the elements of the crime charged; it simply announces that the evidence is sufficient. However, the case at bar involves a fundamental question of whether the crime for which

defendant was convicted can be proved under the facts of the case. The question is not whether the evidence establishes that defendant disrobed in front of D.R. and invited mutual masturbation. The defendant does not argue that the evidence failed to prove those facts, and the record contains sufficient evidence to establish them. Rather, the question is whether such conduct constitutes the crime of attempted aggravated criminal sexual abuse. Because I believe it does not, based on case law, logic, and the facts of this case, I cannot agree with that portion of the opinion which summarily affirms the appellate court's ruling on the sufficiency of the evidence, and orders defendant to be tried again. This is not a minor objection to the majority's opinion, because the conclusion that defendant did not commit the crime of attempted aggravated criminal sexual abuse should result in the outright reversal of the conviction and not a remand for retrial. If any element of the crime charged is not proved or is deficient, requiring a defendant to be retried would violate his constitutional right against double jeopardy.

In large part, the majority's ruling that the evidence is sufficient stems from its failure to analyze the legal requirements of the crime of attempt and the underlying sexual offense. Therefore, it is necessary to examine both the legal elements of the offense with which defendant was charged and the evidence adduced at trial to prove the elements.

## I

The Illinois Criminal Code of 1961 provides that "[a] person commits an attempt when, with intent to commit a specific offense, *he does any act which constitutes a substantial step toward the commission of that offense.*" (Emphasis added.) 720 ILCS 5/8—4(a) (West 1992). The scienter of attempted crimes is the specific intent to commit a particular offense. See, *e.g.*, *People v.*

*Harris*, 72 Ill. 2d 16, 27-28 (1978); *People v. Trinkle*, 68 Ill. 2d 198, 203 (1977); *People v. Viser*, 62 Ill. 2d 568, 581 (1975). In addition to the requisite intent to commit a particular offense, a criminal attempt requires the taking of a *substantial* step toward committing the underlying offense. The defendant must, either by conduct or words or both, have actually begun to commit the crime or plainly manifested the intent to commit the underlying crime. Mere preparation for engaging in the proscribed act does not suffice. *E.g.*, *People v. Smith*, 148 Ill. 2d 454, 459 (1992); *People v. Terrell*, 99 Ill. 2d 427, 436 (1984). To obtain a conviction under the Illinois attempt statute, the prosecution's evidence must demonstrate that defendant came within " 'dangerous proximity to success[ful]' " completion of the crime. See *United States v. Davis,* 16 F.3d 212, 218 (7th Cir. 1994); *People v. Smith*, 148 Ill. 2d at 460 (and cases cited).

In the case at bar, one of the issues raised by defendant is whether his conduct reasonably can be found to constitute a *substantial step* toward committing the type of sexual contact prohibited by the aggravated criminal sexual abuse statute. The State argues that defendant's act of undressing was not a lesser offense consisting of lewd exposure but instead constituted "preparation" for having sexual contact with D.R. As previously noted, however, mere preparation does not satisfy the requirement that a "substantial step" toward commission of the crime must be established in order to prove a defendant guilty of the inchoate crime of attempt. The record establishes that, with the exception of defendant's oral inquiry to D.R., nothing else happened after defendant disrobed. He and D.R. remained seated on the floor talking. Defendant did not make any move toward D.R. that could be interpreted as the commencement of a sexual crime against him. Defendant did not reach toward D.R., did not touch his clothing or his body, restrain him, or

engage in any conduct which would exhibit the specific intent to engage in prohibited sexual conduct with D.R. In my opinion, defendant did not take a substantial step toward perpetrating attempted aggravated criminal sexual abuse.

The majority concludes that defendant's invitation for sexual conduct constitutes the necessary substantial step. However, the majority opinion offers no independent analysis beyond professing "careful consideration" of the issue. 175 Ill. 2d at 134. The elements of aggravated criminal sexual abuse are not analyzed in the majority opinion, nor is pertinent case law discussed or distinguished. As more fully explained below, the majority's acceptance of the State's theory that defendant's passive invitation for sexual conduct sustains its burden of proving defendant guilty of the charged offense does not withstand analysis.

## II

The relevant provision of the aggravated criminal sexual abuse statute applicable to the case at bar is section 12—16(d), which criminalizes a defendant's "sexual conduct with a victim who was at least 13 years of age but under 17 years of age and the accused was at least 5 years older than the victim." 720 ILCS 5/12—16(d) (West 1992). The essential provision of the criminal sexual abuse statute requires proof that the defendant engaged in "sexual conduct" with the victim. "Sexual conduct" is defined as "any intentional or knowing *touching or fondling* by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, *** for the purpose of sexual gratification or arousal of the victim or the accused." (Emphasis added.) 720 ILCS 5/12—12(e) (West 1992).

Case law holds that the elements of aggravated criminal sexual abuse require touching between the accused and the victim. In *People v. Gann,* 141 Ill. App. 3d 34

(1986), after reviewing the definition of sexual conduct, the appellate court concluded that the defendant's self-stimulation in the presence of a minor did not violate the aggravated criminal sexual abuse statute because there was no sexual touching between the minor and the accused. Therefore, the appellate court reversed the defendant's conviction of aggravated criminal sexual abuse and remanded for further proceedings, noting that defendant's behavior was already addressed in the lewd exposure subsection of the public indecency statute.

In *People v. Deal*, 185 Ill. App. 3d 332 (1989), the court relied on *Gann* and held that a count charging aggravated criminal sexual abuse for defendant's fondling himself in front of the minor for purposes of arousal did not state an offense. In *People v. Harris*, 205 Ill. App. 3d 873 (1990), the court held that absent physical contact between perpetrator and victim, a charge of public indecency based on sexual conduct failed to state an offense. Although the evidence that defendant masturbated in the presence of juvenile males would have supported a public indecency charge based on lewd exposure, the *Harris* court noted that the State did not charge defendant with that offense.

*Gann*, *Deal*, and *Harris* establish that a defendant who publicly exposes himself in a lewd manner or fondles himself in front of minors is not guilty of aggravated criminal sexual abuse, if he does not engage in direct sexual touching or fondling of the victims.[1] None of these cases suggest that the defendants could have

---

[1]There is an issue in the instant case concerning whether defendant's conduct might be subject to a lesser included offense instruction based upon the lewdness provision of the public indecency statute. 720 ILCS 5/11—9(a)(2) (West 1992). The trial court, appellate court, and the majority of this court arrived at differing conclusions respecting this issue. Because I believe defendant's conviction should be reversed outright, I do not

been prosecuted for attempted aggravated criminal sexual abuse based on the theory that their exposure and masturbation, without more, constituted the requisite substantial step toward engaging in sexual conduct with the minors. In the case at bar, it is uncontested that defendant did not touch D.R., make any move toward him, or coerce D.R. into engaging in masturbation with him. Defendant's nudity or exposure by itself was not criminal in nature. Therefore, the question becomes whether the sole additional factor of defendant's verbal invitation to D.R. to engage in sexual conduct can satisfy the "substantial step" requirement of criminal attempt in the case at bar.

In considering the above question, it should be noted that defendant's solicitation for sexual conduct with D.R. did not violate any Illinois criminal statute. Indecent solicitation of a child prohibits persons older than 17 from soliciting a *"child under the age of 13 to do any act, which if done would be aggravated criminal sexual assault, criminal sexual assault, aggravated criminal sexual abuse or criminal sexual abuse."* (Emphasis added.) 720 ILCS 5/11—6 (West 1992). In the case at bar, defendant's solicitation for sexual conduct with D.R. did not constitute solicitation of a child because D.R. was not a child under the age of 13.

In *People v. Nash*, 183 Ill. App. 3d 924 (1989), the reviewing court affirmed a conviction for indecent solicitation of a child. It is significant that the defendant in *Nash* (as the defendant in the case at bar) had also been indicted for *attempted* aggravated criminal sexual abuse. The trial court directed a verdict in favor of defendant

definitively analyze this issue. However, I question whether the "public place" element of the public indecency statute is satisfied by defendant's exposure, which took place at night in a bedroom where there was no evidence that members of the public would be likely to have viewed defendant.

on the attempt charge. The facts revealed that a school custodian placed a note in the locker of a 10-year-old, requesting that the two of them see each other naked and touch each other. The effect of the directed verdict is to hold that such conduct did not constitute a substantial step toward committing aggravated criminal sexual abuse as a matter of law.

Consistent with the *Nash* court's disposition of the attempted aggravated criminal sexual abuse charge, other cases also illustrate that when a conviction for an attempted sexual offense is sustained, the evidence revealed that the defendants had actually engaged in physical conduct signalling the forceful commencement of a sexual act, rather than merely a passive request for sexual conduct. For example, in *People v. Sutton*, 252 Ill. App. 3d 172 (1993), the defendant was convicted of crimes, including attempted aggravated criminal sexual abuse, based on evidence that the defendant punched, choked, lay on top of, and threatened the physically handicapped victim while beginning to remove her clothing and his own clothing. The court held that defendant's "act of touching the victim's body with his constituted a substantial step toward committing sexual conduct." *Sutton*, 252 Ill. App. 3d at 187. In *People v. Traufler*, 152 Ill. App. 3d 987 (1987), the court affirmed a conviction for attempted aggravated criminal sexual assault, where the evidence of defendant's specific intent to rape the victim and his substantial step toward perpetrating such offense included throwing the victim against the wall, telling her in essence that he wanted to rape her, and beginning to remove her clothing. See also *People v. Bridgewater*, 259 Ill. App. 3d 344 (1994).

In contrast to the active and forcible conduct evidenced in *Sutton*, *Traufler*, and *Bridgewater*, in the case at bar defendant's request for sexual conduct was unaccompanied by even a suggestion of coercion or physical

force. There is a qualitative difference between a passive request for sex and the actual commencement of a sexual crime, manifested by the use of force by a defendant. My research reveals no case comparable to the one at bar in which a defendant was convicted of attempted aggravated criminal sexual abuse based on disrobing in front of a minor or soliciting such minor, without any physical manifestation that the defendant, with the requisite intent, had begun forcing himself sexually on the victim.

In the instant case, defendant could not have been found guilty of a completed offense of aggravated criminal sexual abuse under Illinois law because there was no physical contact between the complainant and defendant. Nor is there sufficient evidence from which to infer that defendant's nudity and mere verbal request for sexual contact, without more, legally constitutes an *attempt* to commit aggravated criminal sexual abuse. At most, the evidence demonstrates defendant's hope or desire to engage in sexual conduct, which is not, to my knowledge, criminal. According to the facts reported, defendant made no move toward D.R. and in no way attempted, physically or verbally, to begin touching D.R. or coerce sexual conduct with him. Defendant's undressing cannot reasonably be construed as attempted aggravated criminal sexual abuse. Otherwise, whenever a person removes clothing in the presence of another he or she could be prosecuted for attempted criminal sexual abuse.

To summarize, under Illinois' statutory scheme of sexual offenses, defendant could not be convicted of the offense of aggravated criminal sexual abuse because there was no sexual contact between him and D.R. Defendant could not be convicted of solicitation of a child, because D.R. was older than 13 years of age. Furthermore, defendant's act of disrobing in a nonpublic place

is not a criminal offense. Notwithstanding the noncriminal nature of both acts—defendant's undressing and his solicitation of sexual conduct with D.R.—the majority holds that in combination the acts give birth to a felony: attempted aggravated criminal sexual abuse. The alchemy behind such transformation is in no way explained in the majority decision.

In a single paragraph of its opinion, the majority in the instant case dispenses with defendant's argument that the evidence did not sustain his conviction for attempted aggravated criminal sexual abuse. Without any discussion of cases involving attempts to commit aggravated criminal sexual offenses, the majority announces,

> "After careful consideration, we agree with the appellate court that this act of exposure, when added to the request for sexual conduct, was sufficient to constitute a substantial step notwithstanding the lack of any actual contact between defendant and the victim. 276 Ill. App. 3d at 1008-09, citing *People v. Brewer*, 118 Ill. App. 3d 189 (1983). We therefore believe the evidence at trial was sufficient for the jury to conclude that defendant was guilty beyond a reasonable doubt \*\*\*." 175 Ill. 2d at 134.

The appellate court's reliance on *Brewer* and this court's apparent approval of that case is difficult to understand because *Brewer* involved different statutory offenses as well as children who were under the age of 13. In *Brewer*, the defendant had exposed himself to a six-year-old and a seven-year-old in a public park, offering them $5 to perform fellatio on him. The defendant was convicted of attempted indecent liberties with a child and indecent solicitation. One of the issues the defendant raised on appeal was whether his conviction for indecent solicitation should be vacated, either because it was based on the same acts as the conviction for attempted indecent liberties or because solicitation was a lesser included offense of attempted indecent liberties. Without extended analysis or case citation, the *Brewer*

court agreed with defendant that the solicitation conviction should be vacated because, "[w]hile it [was] clear that separate acts were committed by the defendant, it is equally clear that the act of exposure alone without the request for fellatio would not have established the offense of attempt (indecent liberties) as a matter of law." *Brewer*, 118 Ill. App. 3d at 198.

Although the *Brewer* court's quoted language could be interpreted as implying that it was defendant's request for fellatio, apart from or in addition to his public display, which satisfied the substantial step requirement of attempted indecent liberties, the defendant in *Brewer* had not challenged the propriety of the attempt charge and the court was not faced with the issue which is presented in the case at bar. Moreover, the offense of indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4) is not the same offense as aggravated criminal sexual abuse and has been held to have substantially different elements. See, *e.g.*, *People v. Demeron*, 153 Ill. App. 3d 440, 448-49 (1987) (holding that newly enacted statutory scheme of sexual offenses substantially changed nature of indecent liberties offense). The victims in *Brewer* were young children, the solicitation of whom was, and continues to be, proscribed by law, while in the instant case, defendant's solicitation of D.R., who was over the age of 13, is not a crime. Accordingly, whatever relevance the majority in the instant case perceives that *Brewer* has to the case at bar remains unexplained and obscure.

In the case at bar, defendant was sentenced to five years in prison for conduct that is not criminal under Illinois' existing scheme of sexual offenses. He did not commit the predicate criminal sexual conduct because there was no sexual "touching or fondling" between him and D.R. Taking off one's clothes in a private bedroom is not a crime, even if done during a conversa-

tion with a 16-year-old. Soliciting sexual conduct with a minor over the age of 13 is not a crime. Mere desire for sexual conduct is not the equivalent of specific intent to force such conduct upon another. Mere preparation for or anticipation of sexual conduct is not the substantial step required under Illinois attempt law. Under the majority's holding today, a crime nonetheless emerges out of the mists. I cannot join in this result, nor can I condone this court's requiring defendant to undergo a second trial and perhaps again be sentenced to a lengthy prison term. It is the duty of the reviewing court to ensure that no person accused of a crime is convicted if reliable evidentiary support for the conviction is lacking. The test is whether, after viewing the evidence in light most favorable to the prosecution, any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *E.g.*, *People v. Schott*, 145 Ill. 2d 188, 203 (1991). Applying this standard, I conclude that defendant's conviction cannot be sustained.

The majority acknowledges that the jury received erroneous instructions and directs that such instructions not be given upon retrial. However, the majority does not acknowledge that its resolution of this case unfairly gives the State another chance to convict defendant of a serious felony based on insufficient evidence of any criminal conduct. The jury heard brief testimony describing defendant's nude solicitation of a minor who was almost 17 years old. Despite the fact that defendant's nude solicitation of D.R. was not criminal under Illinois law, the jury was hopelessly misinstructed on the proper elements of attempted aggravated criminal sexual abuse. The jury was also offered a confusing public indecency instruction that lacked evidentiary support. Under these erroneous instructions, as long as the jury believed that defendant made a nude solicitation

for sex, the *only* verdict it could reach was that defendant was guilty of attempted aggravated criminal sexual abuse. No legitimate purpose is served in remanding this case for another trial. Defendant's conduct may be viewed as offensive, but he should not be subjected to further felony prosecution and risk a significant prison term based on nonexisting evidence of criminal guilt.

For the foregoing reasons, I dissent.