THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VERLE
W. UPTAIN, Defendant-Appellant.

Fourth District   No. 4—02—0677

Argued July 21, 2004.—Opinion filed September 15, 2004.

Daniel D. Yuhas and Martin J. Ryan (argued), both of State Appellate
Defender's Office, of Springfield, for appellant.

C. Steve Ferguson, State's Attorney, of Charleston (Norbert J. Goetten,
Robert J. Biderman, and Kathy Shepard (argued), all of State's Attorneys Ap-
pellate Prosecutor's Office, of counsel), for the People.

JUSTICE APPLETON delivered the opinion of the court:

Defendant, Verle W. Uptain, was convicted of three counts of ag-
gravated criminal sexual abuse and was sentenced to concurrent three-

year terms of imprisonment. On appeal, he claims the trial court erred in refusing to give the jury an instruction stating that it is a defense to the charge that defendant reasonably believed the victim was at least 17 years old. He also claims the statute requiring him to register as a sex offender (730 ILCS 150/7 (West 2000)) for the rest of his life is unconstitutional as applied to him. We reverse and remand.

## I. BACKGROUND

On August 30, 2001, defendant was charged with two counts of criminal sexual assault (720 ILCS 5/12—13(a)(1) (West 2000)) and three counts of aggravated criminal sexual abuse (720 ILCS 5/12—16(d) (West 2000)) for a July 9, 2001, incident involving S.M., defendant's 16-year-old neighbor. According to trial testimony, S.M. went to defendant's trailer on the evening of July 9, 2001, to visit and watch television. As she arrived, defendant's wife, son, and granddaughter were leaving to go to the store. Defendant and his daughter, Christina, were at home in the living room watching television. Defendant was seated on the love seat, and Christina was seated on the couch. When S.M. came in, she sat next to defendant on the love seat. S.M. disputed the testimony that she tickled, grabbed, and poked defendant and tried to twist his nipples while they watched television. She also disputed testimony that she pulled defendant's right arm around her shoulder and placed his hand on her breast.

Christina left the living room leaving defendant and S.M. on the love seat. After defendant's daughter left the room, defendant asked S.M. if she wanted to go for a ride in his tractor-trailer. S.M. had expressed such a desire on previous occasions. The two walked to where the truck was parked down the street. S.M. lay down on the bed in the sleeper portion of the truck. She did not sit on the passenger seat for two reasons: there was too much clutter on the seat and the trucking company would not allow any passenger in the truck without prior authorization.

Defendant drove for approximately five minutes and then parked the truck in a parking lot. He retrieved a window shade and snapped it around all of the windows, then went to the sleeper portion of the cab and lay on S.M. He pulled up her shirt and bra and began kissing her breasts, chest, and stomach. He ripped her skirt while trying to pull it off. He then realized it had a zipper, unzipped it, and took it off. He removed her underwear, briefly inserted his finger in her vagina, put his tongue in her vagina, and then penetrated her with his penis. Thereafter, the two got dressed, and defendant drove home.

S.M. went back to defendant's trailer and, as defendant told her to do, informed defendant's wife she and defendant had gone to get

something for his trailer. Christine told S.M. that her father had been looking for her and she needed to go home. S.M. told a friend, and later the police, of the incident the next day.

The jury found defendant guilty of three counts of aggravated criminal sexual abuse—acts of sexual penetration with a victim who was between 13 and 17 years old and the accused was at least 5 years older than the victim (720 ILCS 5/12—16(d) (West 2000)). The jury acquitted defendant of two counts of criminal sexual assault—acts of sexual penetration by the use of force or threat of force (720 ILCS 5/12—13(a)(1) (West 2000)). The trial court sentenced defendant to concurrent three-year terms of imprisonment and denied his posttrial motion. This appeal followed.

## II. ANALYSIS

### A. Jury Instruction

Defendant first argues that the trial court erred in refusing to give Illinois Pattern Jury Instructions, Criminal, No. 11.64 (4th ed. 2000) (hereinafter IPI Criminal 4th), which instructs the jury it is a defense to the crime charged that defendant reasonably believed S.M. was 17 years old. IPI Criminal 4th No. 11.64 is based on section 12—17(b) of the Criminal Code of 1961 (720 ILCS 5/12—17(b) (West 2000)) and operates as an affirmative defense. Defendant claims the court erred in refusing to tender the instruction because (1) S.M. was 16 years old—the upper end of the offense range, (2) there was some evidence that she engaged in adult-type sexual behavior on the evening in question, and (3) the jury, after seeing S.M.'s appearance and demeanor, could have reasonably believed she was 17 years old. Defendant claims the failure to give the instruction left him with no defense to the charges. Defendant relies solely on *People v. Jones*, 175 Ill. 2d 126, 676 N.E.2d 646 (1997), to support his claim of error.

In *Jones*, 175 Ill. 2d at 128-29, 676 N.E.2d at 647, the defendant was convicted of attempt (aggravated criminal sexual abuse). At trial, the victim, D.R., testified that at the time of the incident he was 16 years and 10 months old. D.R. and two friends met Jones at a party where the four spent the evening drinking beer together. The sexual incident occurred in a bedroom after the two friends fell asleep.

Jones challenged the sufficiency of the evidence supporting his conviction and claimed he did not receive a fair trial because, *inter alia*, the trial court erroneously refused his tendered jury instruction on the affirmative defense that he had a reasonable belief D.R. was at least 17 years old. *Jones*, 175 Ill. 2d at 131, 676 N.E.2d at 648. This court affirmed the trial court's decision, finding insufficient evidence was presented to fairly raise the issue of the affirmative defense.

*Jones*, 175 Ill. 2d at 131, 676 N.E.2d at 648. However, the supreme court, agreeing with Justice Cook's dissent, found it was reversible error to prevent Jones from presenting his defense by means of the tendered instruction. *Jones*, 175 Ill. 2d at 131, 676 N.E.2d at 648.

The supreme court found the following circumstantial evidence was sufficient to allow the jury to determine whether it was reasonable for Jones to believe D.R. was at least 17 years old: (1) D.R. was 16 years and 10 months old, (2) Jones did not know D.R. before the incident, (3) D.R. was consuming alcohol, and (4) D.R. was free to stay overnight at his friend's apartment. Additionally, the jury saw D.R. testify and was able to observe his appearance and demeanor. The court held that "[a]bsent [the] defendant's tendered instruction, the jury lacked the necessary tools to analyze the evidence fully and to reach a verdict based on those facts." *Jones*, 175 Ill. 2d at 134, 676 N.E.2d at 650.

"A defendant is entitled to an instruction on his theory of the case if there is some foundation for the instruction in the evidence, and if there is such evidence, it is an abuse of discretion for the trial court to refuse to so instruct the jury." *Jones*, 175 Ill. 2d at 131-32, 676 N.E.2d at 649. Very slight evidence upon a given theory of a case will justify the giving of an instruction. *Jones*, 175 Ill. 2d at 132, 676 N.E.2d at 649. To avail himself of the affirmative defense at issue, a defendant is required to produce some evidence at trial to demonstrate the existence of a reasonable belief that the victim was 17 years of age or older. *Jones*, 175 Ill. 2d at 132, 676 N.E.2d at 649.

However, the defendant will be excused from presenting any evidence where the evidence presented by the State raises the issue of the affirmative defense. *Jones*, 175 Ill. 2d at 132, 676 N.E.2d at 649. In essence, unless the evidence before the trial court is so clear and convincing as to permit the court to find as a matter of law that there is no affirmative defense, the issue of whether a defendant should be relieved of criminal liability by reason of his affirmative defense must be determined by the jury with proper instruction as to the applicable law. *Jones*, 175 Ill. 2d at 132, 676 N.E.2d at 649.

We cannot say the evidence here was so clear and convincing as to justify a failure to instruct the jury as to whether defendant should be relieved from criminal liability based upon his reasonable belief of S.M.'s age. The State presented the following evidence: (1) S.M. was 16 years old at the time of the incident and at the time of trial, (2) S.M. lived next door to defendant for one to two years prior to the incident, and (3) defendant never told Officer Arnold that he was confused about S.M.'s age. No evidence showed that defendant had ever been advised of S.M.'s actual age.

Defendant was not required to present any evidence that he believed S.M. was at least 17. See *Jones*, 175 Ill. 2d at 133, 676 N.E.2d at 649. The evidence he did present—that S.M. engaged in playful and flirtatious behavior on the evening in question—coupled with the evidence presented by the State was sufficient to raise the affirmative defense. Noting that only "[v]ery slight evidence" upon a given theory justifies giving the instruction, we find the testimony presented sufficiently qualifies as enough to present the question to the jury. See *Jones*, 175 Ill. 2d at 132, 676 N.E.2d at 649.

The jury should have been given the opportunity, considering the evidence presented and viewing S.M.'s appearance and demeanor, to determine whether defendant had a reasonable belief that S.M. was 17. We are mindful that our role at this stage is not to weigh the evidence but only to determine whether *some* evidence supported the theory. See *Jones*, 175 Ill. 2d at 132, 676 N.E.2d at 649. Thus, we hold that by refusing the jury instruction, the trial court effectively denied defendant due process and, as such, he is entitled to a new trial.

## B. Registration as Sex Offender

Defendant next contends that the Sex Offender Registration Act (730 ILCS 150/1 through 12 (West 2000)), when applied to his case, is unconstitutional as a violation of equal protection. Because we have determined above that defendant is entitled to a new trial, we decline to consider his constitutional argument, which is based solely upon the outcome of his first trial and may not apply after retrial. See *Mattis v. State Universities Retirement Systems*, 212 Ill. 2d 58, 75 (2004) (courts will not address constitutional issues that are unnecessary for the disposition of the case under review).

## III. CONCLUSION

For the reasons stated, we reverse the conviction and sentence and remand this cause to the trial court for a new trial.

Reversed and remanded.

COOK and STEIGMANN, JJ., concur.