THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALONZO RAY LEMONS, Defendant-Appellant.

Fourth District   No. 4—91—0772

Opinion filed May 21, 1992.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Alonzo Ray Lemons was convicted of aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(d)) following a jury trial in McLean County, Illinois, and sentenced to 48 months' probation with four months of periodic imprisonment and the first 12 months of defendant's probation upon release from periodic imprisonment to be intensive probation supervision. Defendant was also fined $400, and ordered to pay court costs and to perform 130 hours of community service. Defendant appeals, contending (1) his conviction must be reversed because the State failed to prove beyond a reasonable doubt that he did not reasonably believe the victim was 17 years of age or older and (2) he is entitled to a $35 credit toward his fine for time served in the county jail. We affirm and remand with directions.

The facts will be reviewed in a limited fashion as pertinent to defendant's contentions on appeal.

On September 2, 1990, the victim and her boyfriend, Scott Aldridge, attended a party at defendant's home. Defendant, the victim and several other people at the party consumed alcoholic beverages; however, Aldridge did not drink anything. As the party was ending, the victim and Aldridge began to argue. Aldridge wanted to leave the party, while the victim wished to stay.

In her statement to the police, which she made the day after the incident, the victim stated the fight occurred outside defendant's house near Aldridge's car as he was leaving the party. She stated Aldridge pushed her into the car whereupon she struck her head on the gearshift. Upon hearing her scream, defendant ran out of his house toward Aldridge's car. The victim said defendant jerked her by her arm and forced her back into the house. She stated defendant got undressed, ran around the house looking for something, and then pushed her toward the couch. Defendant then grabbed her off of the couch, holding both of her arms, and led her back into his bedroom, where he threw her onto the bed, pulled up her skirt and took off her sweatshirt. Her underwear was already off, although she could not recall how it had been removed. She then stated defendant climbed on top of her, pinning both of her arms and her right leg down, and forced her to have sexual intercourse with him. After approximately two minutes, he passed out and she got dressed and went into the living room. The police then arrived, woke up defendant and took him to jail.

At trial, however, the victim gave a completely different story. First, she testified she was 14 years of age at the time of this inci-

dent. She further testified she voluntarily went back into defendant's house with him and that they did not have sexual intercourse that evening. The victim explained she lied to the police and to the grand jury which indicted defendant because she was afraid of her mother and did not want her mother to think she voluntarily slept with a black man. The victim testified she never told defendant how old she was and she thought he was 20 or 21 years of age.

Scott Aldridge testified he was the victim's boyfriend and was 20 years old at the time of the incident. He testified he went to the party at defendant's house with the victim, and they got into a fight as he attempted to leave. Aldridge testified the victim screamed and defendant ran out of his house toward Aldridge's car. After he and defendant exchanged words, Aldridge testified defendant grabbed the victim and took her back into his house. Aldridge left defendant's house and drove to a friend's house to get help to get the victim out of defendant's house. Aldridge returned to defendant's house and found Lillian Donnelly, another person who attended the party, on defendant's porch. Aldridge testified the lights were off in the house and the door was locked. He went to the front door and knocked several times but got no response. He went around to the back door and knocked very loudly but also got no response. Aldridge testified that while he was knocking on both doors he was also yelling at defendant that the victim was only 14 years old.

The police arrived and Aldridge told them defendant was in the house, naked, with a 14-year-old girl. Aldridge testified the police eventually broke into the house, removed defendant and the victim, and took defendant to jail and the victim to the hospital. On cross-examination, Aldridge admitted when he made his statement to the police the day after the incident, he did not mention the fact that he yelled to defendant that the victim was only 14 years old.

Officer Robert Siron of the Bloomington police department testified he responded to a call at defendant's address and upon arriving found two other police officers already on the scene. Officer Siron spoke to Aldridge, who said his girlfriend was in the house with defendant and the last time he saw defendant, he (defendant) was naked. Officer Siron testified Aldridge told him the victim was only 14 years old. Officer Siron walked onto the front porch and entered the house after the two other officers broke through the rear door. He observed the victim on the couch and described her as hysterical and crying. Siron testified the victim stated defendant took off her pantyhose, socks and underwear in the living room and then carried her into the bedroom. Officer Siron saw these items on the living room

floor. He then took the victim to Brokaw Hospital and attempted to take a statement from her, but stopped because she became very hysterical.

Defendant testified that he was 22 years old at the time of this incident. He testified that at the party the victim was rubbing her leg against him while they were seated at his kitchen table playing a drinking game. Defendant testified the victim and Aldridge got into a fight about whether the victim would stay at the party or leave with Aldridge. Defendant stated Aldridge was outside on the front porch knocking on the door and asking to talk to the victim. They continued arguing and Aldridge finally left the house. Defendant testified he shut the door and sat on the couch with the victim. Aldridge returned and defendant suggested the victim speak with him because he was making a lot of noise and defendant was afraid Aldridge would wake up the neighbors. Defendant testified the victim shut off the lights and told him that if they were quiet, Aldridge would leave.

Defendant testified the victim at this time was indicating she wished to have sexual intercourse with him. He stated he began looking for cigarettes and was not paying attention to the victim or what she was doing. He then testified she came into the hallway near the bedroom in her bra and panties and called him into the bedroom. A few minutes later, defendant went into the bedroom and found the victim lying on the bed with no clothes on. Defendant testified he attempted to get undressed but had trouble getting his pants off. Defendant testified the next thing he remembered was being awakened by the police.

Defendant testified he made a statement to the police on September 2, 1990, that he did not have sexual intercourse with the victim. The following day, after defendant had given blood, saliva and head and pubic hair standards, he gave another statement to the police that he may have had sex with the victim. On April 2, 1991, defendant told Detective Michael Fazio he did have sexual intercourse with the victim on September 2, 1990. On April 3, 1991, defendant again spoke to Detective Fazio and asked him to forget the statement made the previous day. Defendant testified he was not aware of the victim's age until the charges against him were read at his arraignment. Defendant denied hearing Aldridge yell that the victim was only 14 years old. Defendant stated he was neither denying he had sex with the victim nor admitting it but only that he could not remember having sexual intercourse with the victim.

Defendant had been indicted on three charges, criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(1)), unlawful restraint

(Ill. Rev. Stat. 1989, ch. 38, par. 10—3(a)), and aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(d)). The jury acquitted defendant of criminal sexual assault and unlawful restraint but found him guilty of aggravated criminal sexual abuse. Defendant was subsequently sentenced and now appeals.

Defendant first contends his conviction must be reversed because the State failed to prove beyond a reasonable doubt that he did not reasonably believe the victim was 17 years of age or older. (See Ill. Rev. Stat. 1989, ch. 38, par. 12—17(b).) The State responds, initially, defendant has waived this issue since he failed to file a post-trial motion raising it. The State further suggests the evidence was sufficient for the jury to conclude defendant did not reasonably believe the victim was 17 years of age or older.

■ We first note that, although the State raises its waiver argument in the heading of the argument section of its brief, it fails to cite any authority or argument for support of this position (see 134 Ill. 2d R. 341(e)(7)). Nevertheless, because we find defendant has not waived this issue, we address the State's contention. Our supreme court recently stated:

"We have recently affirmed the principle that, even in a capital case, to preserve an issue for appeal, an objection must be made at trial and raised in a post-trial motion. [Citations.] The failure to properly preserve an objection will limit our review to certain constitutional issues, *questions on sufficiency of the evidence* and issues involving plain error." (Emphasis added.) (*People v. Turner* (1989), 128 Ill. 2d 540, 555, 539 N.E.2d 1196, 1202, *cert. denied* (1989), 493 U.S. 393, 107 L. Ed. 2d 326, 110 S. Ct. 337.)

Accordingly, since defendant is challenging the sufficiency of the evidence, he has not waived this issue by failing to raise it in a post-trial motion.

Section 12—16(d) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(d)) provides:

"The accused commits aggravated criminal sexual abuse if he or she commits an act of sexual penetration or sexual conduct with a victim who was at least 13 years of age but under 17 years of age and the accused was at least 5 years older than the victim."

Section 12—17(b) of the Code provides, in pertinent part, that it shall be a defense under subsection (d) of section 12—16 of the Code that the accused reasonably believed the person to be 17 years of age or older. (Ill. Rev. Stat. 1989, ch. 38, par. 12—17(b).) The defense of rea-

sonable belief of age under section 12—17(b) operates in the same manner as does an affirmative defense, at least insofar as the requirement that "unless the State's evidence raises the issue involving the alleged defense, the defendant, to raise the issue, must present some evidence thereon." (*People v. Brown* (1988), 171 Ill. App. 3d 391, 398, 525 N.E.2d 576, 580; Ill. Rev. Stat. 1989, ch. 38, par. 3—2(a).) If the issue is raised, the State has the burden of proving that the defendant did not reasonably believe the victim to be 17 or older, beyond a reasonable doubt, as well as the other elements of the offense. Ill. Rev. Stat. 1989, ch. 38, par. 3—2(b).

Defendant contends the evidence at trial was sufficient to establish he reasonably believed the victim to be at least 17 years old, thus requiring the State to prove beyond a reasonable doubt that he did not have such a reasonable belief. Defendant notes that the victim was consuming alcohol at the party and all of the other people present at the party, including the victim's boyfriend, were in their early twenties. Defendant denied knowing the victim's age until he was arraigned and denied hearing Aldridge yell out her age while Aldridge was on defendant's front porch.

The predecessor of sections 12—16(d) and 12—17(b) of the Code was the former indecent liberties statute, then section 11—4 of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 11—4). Subsection (b) of that statute provided it was an affirmative defense to indecent liberties with a child that the accused reasonably believed the child was 16 years or older. (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(b).) In 1984, sections 12—16 and 12—17 (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 12—16, 12—17) were among the provisions added to the Code with section 12—17(b) stating the defense of reasonable belief that the person was 16 years of age or older (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—17(b)). (Pub. Act 83—1067, eff. July 1, 1984 (1983 Ill. Laws 7251, 7254-55).) In 1988, section 12—17(b) was amended (Pub. Act 85—651, eff. Jan. 1, 1988 (1987 Ill. Laws 2754, 2756)), and the age giving rise to the defense was raised from 16 to 17 years old. (Ill. Rev. Stat. 1987, ch. 38, par. 12—17(b).) The language of section 12—17(b) tracks the language of former section 11—4(b) of the Code regarding this affirmative defense.

█ It was uncontroverted that the victim was 14 years of age and defendant was 22 years old at the time of the incident, thus making him at least five years older than the victim. Thus, the jury, to convict defendant, only had to find sexual penetration or sexual conduct occurred and that defendant did not reasonably believe the victim to be 17 years of age or older.

The jury heard Aldridge testify he yelled to defendant that the victim was only 14 years old and Officer Siron testify that, while on the scene, Aldridge told him he yelled to defendant that the victim was only 14 years old. The jury had the opportunity to observe the victim and her appearance while she testified.

Obviously, the evidence presented by the State did not suggest an issue as to reasonable belief by defendant that the victim was at least 17 years old. Other than his reference to evidence that the victim was consuming alcohol and all the other people at the party were in their early twenties, defendant did not present any evidence as to his reasonable belief the victim was at least 17 years of age. The defendant did not present evidence making his reasonable belief of the age of the victim an issue. (*Brown*, 171 Ill. App. 3d at 397-98, 525 N.E.2d at 580; Ill. Rev. Stat. 1989, ch. 38, par. 3—2(b).) On the evidence presented, the State was therefore not obligated to prove the unreasonableness of any such belief.

It is not the function of this court to retry the defendant. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.) Once the defendant has been found guilty of the charged crime, the fact finder's role as weigher of the evidence is preserved through a legal conclusion that, upon judicial review, all the evidence is to be considered in the light most favorable to the prosecution. (*Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *Collins*, 106 Ill. 2d at 261, 478 N.E.2d at 277.) The relevant question is whether, after viewing the evidence in such a fashion, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. (*Jackson*, 443 U.S. at 319, 61 L. Ed. 2d at 573, 99 S. Ct. at 2789; *Collins*, 106 Ill. 2d at 261, 478 N.E.2d at 277.) Even were we to accept defendant's argument that the issue of defendant's reasonable belief as to the age of the victim was raised, a rational trier of fact could have found beyond a reasonable doubt that defendant did not reasonably believe the victim was 17 years of age or older.

■ Defendant also contends he is entitled to a $35 credit for the seven days he spent in jail prior to posting bond in this matter. A defendant who is in custody on a bailable offense and receives a sentence of imprisonment and a fine is entitled to both credit against the imprisonment sentence for each day served and a $5-per-day credit against the fine. (*People v. Hare* (1988), 119 Ill. 2d 441, 519 N.E.2d 879.) Defendant was credited with seven days spent in the county jail but not given the *per diem* credit.

Therefore, we affirm defendant's conviction for aggravated criminal sexual abuse but remand with directions to credit defendant's fine in the amount of $35.

Affirmed as modified; remanded with directions.

GREEN, P.J., and LUND, J., concur.