THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LONNIE H. JONES, Defendant-Appellant.

Fourth District   No. 4—94—0619

Argued August 22, 1995.—Opinion filed December 12, 1995.

COOK, P.J., dissenting.

Daniel D. Yuhas and Arden J. Lang (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Richard L. Broch, State's Attorney, of Tuscola (Norbert J. Goetten, Robert J. Biderman, and Scott A. Manuel (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

Defendant was convicted of one count of attempt (aggravated criminal sexual abuse) (720 ILCS 5/8—4, 12—16(d) (West 1992)) and sentenced to five years' imprisonment. On appeal, defendant contends (1) a mere request for sexual conduct in the absence of physical contact with the victim does not constitute a substantial step toward commission of the offense, (2) the evidence established the affirmative defense that defendant reasonably believed the victim was 17 years of age or older and the court erred in refusing to give an instruction on the affirmative defense, and (3) the trial court erred in giving an incorrect instruction on the definition of sexual conduct and refusing an instruction on public indecency.

On November 12, 1993, the victim, D.R., who was 16 years and 10 months old, was invited by Chad Williams and Matt Hutcherson to a party at Williams' apartment in Newman. The three arrived at the apartment at approximately 7 p.m. Defendant, whom the victim had never before met, was present. The four men spent the evening drinking beer, which was apparently purchased by defendant.

By 11:45 p.m., Williams and Hutcherson had either fallen asleep or passed out on the living room floor. D.R. testified that he was not sleepy and decided to talk to defendant, who was located in a bedroom in the apartment. Defendant was seated on the floor next to the bed while D.R. sat on the floor next to a wall.

D.R. testified that after talking for a while, the defendant began undressing and asked if defendant could masturbate D.R. At the time of the request, defendant was completely undressed. D.R. also testified that defendant asked him if D.R. could masturbate defendant. D.R.'s response was one of fear, shock, and paranoia. He stated he responded negatively to the request and left the bedroom. D.R. remained in the apartment, however, and laid down in the living room next to one of his friends to sleep. As D.R. was leaving the bedroom, defendant told him not to tell anybody what had happened "or otherwise he'd get me, and if he couldn't, he had somebody that would."

The victim conceded that defendant never touched him and did not bother him anymore after the initial request and refusal. D.R. did not report the incident to anyone for several months out of embarrassment. D.R. also conceded that defendant did not block the doorway to the bedroom and he was free to leave at any time. There was also testimony that, in the opinion of a witness, defendant was 28 or 29 years of age and was at least 10 years older than the victim.

■ Defendant's initial argument is that the mere request for sexual conduct with a victim does not constitute an attempt to commit sexual conduct. Defendant argues that a substantial step toward commission of the offense requires some physical contact with the victim. Defendant cites a number of cases in which physical contact between defendant and the victim was deemed sufficient to establish the offense of attempt (aggravated criminal sexual abuse). The problem with defendant's argument, however, is that cases which find that some physical contact, albeit not sexual, is sufficient to constitute attempt (aggravated criminal sexual abuse) say nothing about whether conduct which does not involve actual contact with the victim may also be sufficient to constitute a substantial step toward commission of the offense.

The State cites *People v. Brewer* (1983), 118 Ill. App. 3d 189, 454 N.E.2d 1023, for the proposition that actual contact need not occur for the offense of attempt to be completed. We agree. In *Brewer*, defendant was convicted of attempt (indecent liberties with a child) and indecent solicitation. The evidence showed that defendant, while exposing his genitals to a minor, asked the child to perform an act of fellatio. In rejecting defendant's claim on appeal that he could not be convicted for both attempt and indecent solicitation because they were based on the same act, the court stated:

"The State correctly points out that separate acts were committed by the defendant in the commission of each offense, *i.e.*, indecent solicitation occurred when the defendant asked the child to perform an act of fellatio, while the offense of attempt (indecent liberties with a child) occurred when the defendant took a 'substantial step' [citation] towards the commission of the offense by unzipping his pants and exposing his penis to the victim." *Brewer*, 118 Ill. App. 3d at 198, 454 N.E.2d at 1030-31.

Despite defendant's argument that the fact that the elements of the former indecent liberties statute are not identical to those of the present offense and the language of the former statute is "amorphous" regarding whether the proscribed touching must be between the perpetrator and the child, we conclude *Brewer* stands for the proposition that exposure plus a request for sexual conduct can be sufficient

to constitute a substantial step notwithstanding the lack of any actual contact between a defendant and the victim.

Defendant's further reliance on the case of *People v. Gann* (1986), 141 Ill. App. 3d 34, 489 N.E.2d 924, is also misplaced. In *Gann*, defendant was charged with aggravated criminal sexual abuse and public indecency. The only evidence indicated defendant masturbated in the presence of a victim under the age of 13. In reversing the conviction for aggravated criminal sexual abuse, the court interpreted the statute to require some sort of contact between the victim and the accused. There being no contact, there could not have been a conviction. *Gann* is clearly distinguishable because defendant was not charged with attempt but rather with the actual commission of the offense. Thus, *Gann* is a completely accurate statement of the law and can be harmonized with *Brewer* because the act of exposure alone without the request for conduct would not constitute a substantial step, although it might support a conviction for a lesser offense of public indecency.

In this case, defendant undressed and requested mutual acts of masturbation from the victim. As in *Brewer*, these separate acts are sufficient to constitute a substantial step toward the commission of the offense.

■ Defendant next argues that the State failed to prove that defendant knew the victim was under 17 years of age. Defendant did not testify and offered no evidence as to what he believed or did not believe as to the age of the victim. The victim was, in fact, 16 years and 10 months of age on the date of the offense. Defendant argues he is excused from presenting evidence where the evidence presented by the State raises the issue of the affirmative defense under section 12—17(b) of the Criminal Code of 1961 (720 ILCS 5/12—17(b) (West 1992)). Defendant contends that the fact of the victim's age, coupled with the victim drinking beer and being in an apartment where there was apparently no adult supervision and no indication the victim ever told defendant his age, supports defendant's claim he had a reasonable belief that the victim was 17 years of age or older. We disagree.

The record does not reveal the ages of the other two friends who invited the victim to the party. The record also does not reveal any of the physical characteristics of the victim or testimony by anyone as to whether the victim "looked like a 17-year-old." The fact he was drinking beer adds little to the equation. On this record, we cannot say that the evidence presented by the State fairly raised the issue of the affirmative defense so as to require the trial judge to instruct the jury in this regard. (See *People v. Lemons* (1992), 229 Ill. App. 3d 645,

652, 593 N.E.2d 1040, 1044-45.) The failure of the victim to tell defendant his age or for defendant to inquire does not support an inference that defendant had any reasonable belief whatsoever as to the victim's age. Defendant did not testify or offer any evidence making his reasonable belief of the age of the victim an issue. Defendant has failed to demonstrate error.

■ Defendant next contends that the trial court erred when it gave an incorrect version of the definition of sexual conduct. We agree. During the instruction conference, defendant tendered the correct version of Illinois Pattern Jury Instructions, Criminal, No. 11.65(D) (3d ed. 1992) (hereinafter IPI Criminal 3d), which stated:

> "The term 'sexual conduct' means any intentional or knowing touching or fondling by the accused, either directly or through the clothing, of the sex organ of the victim, for the purpose of sexual gratification or arousal of the victim or the accused."

The State objected, stating "[t]he evidence shows there was an attempt of touching and fondling by the accused and the victim." The court refused the instruction on the basis "[t]he word victim is left out."

Later in the instruction conference, the State tendered the following incorrect instruction:

> "The term 'sexual conduct' means any intentional or knowing touching or fondling of the victim or the accused, either directly or through the clothing, of the sex organ of the victim or the accused, for the purpose of sexual gratification or arousal of the victim or the accused."

When asked, defense counsel stated she had no objection to the People's instruction and defendant also did not raise this issue in a post-trial motion. Thus, the issue is waived absent plain error.

We conclude it was error to give this instruction for two distinct reasons. Defendant was only charged with requesting that the victim masturbate defendant. The State never amended the information. Even if this had been a proper case for alternative theories of liability, the proper course, as the User's Guide to the IPI Criminal 3d instructions notes, would have been to submit separate instructions on each theory. IPI Criminal 3d, User's Guide, at XXII.

Nevertheless, we disagree with defendant's claim that the language of the instruction would have permitted the jury in this case to convict him upon a finding that defendant fondled himself. As a matter of logic, the argument fails. If the jury believed that sexual conduct could involve the defendant fondling himself, then the crime was completed and was no longer an attempt. Moreover, under the facts of this case, the jury could not have been confused. During clos-

ing argument, there was no suggestion that defendant could be convicted if he merely touched himself. The arguments centered upon an attempt to initiate sexual conduct between the parties. Under these circumstances, we agree with the supreme court that even though error may have been committed in the giving and refusing of instructions, it will not always justify reversal when the evidence of defendant's guilt is so clear and convincing that the jury could not reasonably have found him not guilty. *People v. Jones* (1979), 81 Ill. 2d 1, 9, 405 N.E.2d 343, 346.

■ Finally, defendant contends the trial court erred in refusing a tendered instruction on public indecency based on lewd exposure which defendant contends is an included offense of attempt (aggravated criminal sexual abuse). We disagree. The public indecency statute (720 ILCS 5/11—9 (West 1992)) only requires lewd exposure of the body for the purpose of arousing or satisfying the sexual desire of the defendant. The information in this case charged that the sexual conduct, which necessarily would have required touching between the defendant and the victim, was to be committed for the purpose of sexual gratification. The State's theory of the case was that the mere act of exposing himself in this case was not done for the purpose of arousal but as a prelude to the sexual conduct between the victim and defendant for the purpose of sexual gratification. On this basis, public indecency based on lewd exposure is not an included offense of attempt (aggravated criminal sexual abuse).

For the foregoing reasons, the judgment of the circuit court of Douglas County is affirmed.

Affirmed.

GARMAN, J., concurs.

PRESIDING JUSTICE COOK, dissenting:
I respectfully dissent.

It is a defense to the offense charged if "the accused reasonably believed the person to be 17 years of age or over." 720 ILCS 5/12—17 (West 1992).

A defendant is entitled to an instruction on his theory of the case if there is "some foundation" for the instruction in the evidence. (*People v. Crane* (1991), 145 Ill. 2d 520, 526, 585 N.E.2d 99, 102 (instruction on mistake of fact).) Generally, very slight evidence regarding a theory will justify the giving of an instruction on that theory. (*People v. Moore* (1993), 250 Ill. App. 3d 906, 915, 620 N.E.2d 583, 590 (included offense); *People v. Arnold* (1985), 139 Ill. App. 3d

429, 434, 487 N.E.2d 997, 1000 (defendant objected to giving of murder instruction).) When a court refuses to instruct on a certain issue, it in effect directs a verdict on that issue. (See *People v. Cord* (1994), 258 Ill. App. 3d 188, 192, 630 N.E.2d 173, 176.) In deciding whether to instruct on a certain theory, the court's role is to determine whether there is some evidence supporting that theory; it is not the court's role to weigh the evidence. See *People v. Creamer* (1986), 143 Ill. App. 3d 64, 69, 492 N.E.2d 923, 927.

The rule that the instruction need only be supported by some evidence is found in civil as well as criminal cases. In criminal cases, there may be some reluctance to give an instruction because the State will then have the burden of proof on that issue, even if it is an affirmative defense. Nevertheless, the same standard as in civil cases applies—only some evidence is necessary in order to raise an affirmative defense. (*People v. Kite* (1992), 153 Ill. 2d 40, 44-45, 605 N.E.2d 563, 565.) It is not necessary that the defendant present any evidence if the affirmative defense is raised by the State's evidence. 720 ILCS 5/3—2(a) (West 1992).

In the present case, the victim was 16 years and 10 months old at the time of the offense. The jury saw the victim testify and was entitled to determine whether there was a reasonable doubt whether defendant believed the victim to be 17. Defendant did not know the victim before the incident, the victim was engaged in an activity restricted to adults (drinking beer) when defendant encountered him, and the victim was apparently free to stay overnight at the apartment. The majority cites *Lemons* for its holding, but in *Lemons* the victim was only 14, and there was evidence that the defendant had been advised she was only 14. *Lemons*, 229 Ill. App. 3d at 652, 593 N.E.2d at 1044.

*Lemons* was not an instruction case; the jury had apparently been instructed under IPI Criminal 3d No. 11.60 that the State had to prove defendant did not reasonably believe the victim to be 17 years of age or older. ("Thus, the jury, to convict defendant, only had to find sexual penetration or sexual conduct occurred and that defendant did not reasonably believe the victim to be 17 years of age or older." (*Lemons*, 229 Ill. App. 3d at 651, 593 N.E.2d at 1044).) The *Lemons* defendant did not appeal any failure to instruct, but argued the State failed to prove beyond a reasonable doubt his belief as to the victim's age. The appellate court held a rational trier of fact could have found against defendant on that issue (a holding unavailable in the present case because the trier of fact was not instructed on the issue), but went on in *dicta* to indicate the evidence was not sufficient to impose on the State the burden of proving that defendant's belief was unreasonable.

Perhaps it is legitimate to complain that the *Lemons* defendant, who in fact testified, did not present direct testimony as to his reasonable belief. In any event, the defendant in the present case did not testify at all. Defendant was not required to testify as to his belief in order to raise the issue of his reasonable belief. If defendant had testified he believed the victim to be 17, that testimony would not have been conclusive. The stronger evidence may be the circumstantial evidence. Mental states are not commonly proved by direct evidence. Instead, they may be inferred from the character of a defendant's acts and the circumstances surrounding the commission of the offense. *People v. Summers* (1990), 202 Ill. App. 3d 1, 10, 559 N.E.2d 1133, 1138.

I would reverse and remand for a new trial.