NOTICE: Under Supreme Court Rule 367 a party has 21 days after the filing of the opinion

to request a rehearing. Also, opinions are subject to modification, correction or withdrawal at

anytime prior to issuance of the mandate by the Clerk of the Court. Therefore, because the

following slip opinion is being made available prior to the Court's final action in this matter,

it cannot be considered the final decision of the Court. The official copy of the following

opinion will be published by the Supreme Court's Reporter of Decisions in the Official

Reports advance sheets following final action by the Court.

                                    

              Docket No. 80367--Agenda 11--September 1996.

       THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LONNIE H.

                            JONES, Appellant.

                     Opinion filed January 30, 1997.

                                    

     JUSTICE HARRISON delivered the opinion of the court:

     Following a jury trial in the circuit court of Douglas County,

defendant, Lonnie H. Jones, was convicted of attempt (aggravated

criminal sexual abuse) (720 ILCS 5/8--4, 12--16(d) (West 1992)) and

sentenced to a prison term of five years. The appellate court, in

a divided opinion, affirmed. 276 Ill. App. 3d 1006. We allowed

defendant's petition for leave to appeal (155 Ill. 2d R. 315).

     A criminal information, filed January 25, 1994, charged

defendant with attempt (aggravated criminal sexual abuse). The

information alleged that, with the intent to commit the offense of

aggravated criminal sexual abuse, defendant "performed a

substantial step toward the commission of that offense, in that he

disrobed in the presence of [D.R.], who was at least 13 years of

age but under 17 years of age at the time, stimulated his [own]

penis to erection and requested the said [D.R.] to masturbate him

to orgasm, for the purpose of the sexual gratification of the

defendant; and that said defendant was at least 5 years older than

[D.R.]."

     At trial, the complainant, D.R., testified that he was born on

January 18, 1977, and was 16 years and 10 months old on November

12, 1993. Around 7 p.m. that evening, he went to Chad William's

apartment in Newman for a party, after receiving an invitation from

Williams and another friend, Matt Hutcherson. Defendant, whom D.R.

had never met before, was at the apartment when the three arrived.

The four men spent the evening drinking beer, with defendant

purchasing an additional supply at some point.

     Williams and Hutcherson had either fallen asleep or passed out

in the living room by 11:45 p.m., and defendant went into the

bedroom. D.R. testified that he could not sleep, so about 11:57

p.m. he knocked on the bedroom door, went in and began talking with

defendant. After a while, defendant got undressed and sat naked on

the floor with his back against the bed. The two continued talking,

with D.R. sitting on the floor next to a wall, and then defendant

asked if he could masturbate D.R. Defendant also asked D.R. to

masturbate him. These requests made D.R. fearful, so he replied

"No," and started to leave the bedroom. D.R. testified that, at

this point, defendant told him not to tell anyone about the

incident "or otherwise he'd get me, and if he couldn't, he had

somebody that would." D.R. then went into the living room and lay

down next to his friend Williams, but did not leave the apartment

because he was afraid defendant would come after him.

     Under cross-examination, D.R. admitted that defendant had

never touched him and that he had been free to leave at any time.

D.R. stated that, out of embarrassment, he did not report the

incident to anyone for several months. Eventually, he spoke to

Police Chief Russell Stephens, but forgot to mention one of

defendant's two requests for sexual conduct. D.R. denied telling

Stephens that defendant came out of the bedroom and took his

clothes off in the living room, but admitted telling Stephens that

defendant was masturbating himself when he talked to D.R. D.R. then

conceded that in his April 15, 1994, statement to State's Attorney

Richard Broch, he said he had not been looking at defendant and

could not tell whether or not defendant was touching himself or his

penis.

     City of Newman Police Chief Russell Stephens testified for the

defense that he interviewed D.R. on January 21, 1994. D.R. told him

that he was spending the night with Williams and Hutcherson in the

apartment when defendant arrived. D.R. further stated that

defendant approached him in the room where Williams and Hutcherson

were sleeping, took off his clothes, obtained an erection, and

asked D.R. to masturbate him. Stephens testified that D.R. gave no

indication in his statement that defendant had threatened him. For

the State, Stephens testified as to his opinion, based on his

experience as a police officer, that defendant was 28 or 29 years

old as of November 1993, and estimated that defendant was at least

10 years older than D.R.

     Before this court, defendant challenges the sufficiency of the

evidence supporting his conviction and contends that he did not

receive a fair trial because the trial court: (1) erroneously

refused his tendered jury instruction on the affirmative defense

that he had a reasonable belief the complainant was 17 years of age

or older; (2) erroneously refused his tendered instruction on the

lesser included offense of public indecency based on lewd exposure;

and (3) gave a misleading instruction on the definition of sexual

conduct. We believe the affirmative defense instruction issue to be

dispositive.

     At trial, defense counsel tendered, and the trial court

refused, the following instruction:

               "It is a defense to the charge of aggravated

          criminal sexual abuse that the defendant reasonably

          believed [D.R.] to be 17 years of age or older." See

          Illinois Pattern Jury Instructions, Criminal, No. 11.64

          (3d ed. 1992).

This instruction is based on section 12--17(b) of the Criminal Code

of 1961 (720 ILCS 5/12--17(b) (West 1992)), which operates as an

affirmative defense. See People v. Cora, 238 Ill. App. 3d 492, 499-

500 (1992); People v. Brown, 171 Ill. App. 3d 391, 397-98 (1988).

The appellate court majority below affirmed the trial court's

decision, stating: "On this record, we cannot say that the evidence

presented by the State fairly raised the issue of the affirmative

defense so as to require the trial judge to instruct the jury in

this regard." 276 Ill. App. 3d at 1009. We agree with the appellate

court dissent that defendant's instruction should have been given

to the jury to consider and that it was reversible error to prevent

defendant from presenting this defense by means of the tendered

instruction. 276 Ill. App. 3d at 1011-13 (Cook, P.J., dissenting).

     A defendant is entitled to an instruction on his theory of the

case if there is some foundation for the instruction in the

evidence, and if there is such evidence, it is an abuse of

discretion for the trial court to refuse to so instruct the jury.

People v. Crane, 145 Ill. 2d 520, 526 (1991). Very slight evidence

upon a given theory of a case will justify the giving of an

instruction. People v. Bratcher, 63 Ill. 2d 534, 540 (1976); see

also People v. Moore, 250 Ill. App. 3d 906, 915 (1993); People v.

Lyda, 190 Ill. App. 3d 540, 544 (1989). As the appellate court

dissent noted: "In deciding whether to instruct on a certain

theory, the court's role is to determine whether there is some

evidence supporting that theory; it is not the court's role to

weigh the evidence." 276 Ill. App. 3d at 1012 (Cook, P.J.,

dissenting); see also Lyda, 190 Ill. App. 3d at 544.

     In order to avail himself of the affirmative defense at issue,

a defendant is required to produce some evidence at trial to

demonstrate the existence of a reasonable belief that the victim

was 17 years of age or older. See People v. Kite, 153 Ill. 2d 40,

44-45 (1992); Cora, 238 Ill. App. 3d at 500. However, the defendant

will be excused from presenting any evidence where the evidence

presented by the State raises the issue of the affirmative defense.

See Cora, 238 Ill. App. 3d at 500; 720 ILCS 5/3--2(a) (West 1992).

In essence, unless the evidence before the trial court is so clear

and convincing as to permit the court to find as a matter of law

that there is no affirmative defense, the issue of whether a

defendant should be relieved of criminal liability by reason of his

affirmative defense must be determined by the jury with proper

instruction as to the applicable law. See Lyda, 190 Ill. App. 3d at

545.

     In the case at bar, the State's evidence alone was sufficient

to raise the issue of defendant's reasonable belief that D.R. was

17 years of age or older. At the time of the offense, D.R. was 16

years and 10 months old, and defendant did not know D.R. prior to

the incident. Further, D.R. was consuming alcohol, an activity

restricted to adults, when defendant met him, and D.R. was

apparently free to stay overnight at his friend's apartment.

Additionally, the jury saw D.R. testify and was able to observe his

appearance and demeanor so as to determine whether there was a

reasonable doubt that defendant believed D.R. to be 17 years old.

     The appellate court majority's reliance on People v. Lemons,

229 Ill. App. 3d 645 (1992), for its holding is misplaced. As the

dissent noted:

          "The Lemons defendant did not appeal any failure to

          instruct, but argued the State failed to prove beyond a

          reasonable doubt his belief as to the victim's age. The

          appellate court held a rational trier of fact could have

          found against defendant on that issue (a holding

          unavailable in the present case because the trier of fact

          was not instructed on the issue), but went on in dicta to

          indicate the evidence was not sufficient to impose on the

          State the burden of proving that defendant's belief was

          unreasonable." 276 Ill. App. 3d at 1012 (Cook, P.J.,

          dissenting).

Lemons is also distinguishable on its facts, where the victim was

only 14 and there was evidence that the defendant was told the

victim's age before the offense occurred. See Lemons, 229 Ill. App.

3d at 652.

     As earlier stated, defendant was not required to testify or

offer any evidence making his reasonable belief of the victim's age

an issue. The circumstantial evidence presented by the State was

sufficient to raise the affirmative defense. Indeed, mental states

are not commonly proved by direct evidence, but are more often

inferred from the character of a defendant's acts and the

circumstances surrounding the commission of the offense. People v.

Terrell, 132 Ill. 2d 178, 204 (1989); see also People v. Summers,

202 Ill. App. 3d 1, 10 (1990).

     We conclude that defendant was entitled to the benefit of the

affirmative defense as shown by the evidence in the record. The

State then would have to prove beyond a reasonable doubt that

defendant did not reasonably believe the victim to be 17 years of

age or over. 720 ILCS 5/3--2(b) (West 1992). Ultimately, it was for

the jury to determine whether defendant had a reasonable belief

that the victim had attained the age of 17 years. Absent

defendant's tendered instruction, the jury lacked the necessary

tools to analyze the evidence fully and to reach a verdict based on

those facts. See Lyda, 190 Ill. App. 3d at 546. The resulting

denial of due process requires that defendant be granted a new

trial.

     Defendant also contends that the evidence was insufficient to

sustain his conviction for attempt (aggravated criminal sexual

abuse), and this question must be decided in order to remove the

risk of subjecting defendant to double jeopardy. People v. Taylor,

76 Ill. 2d 289, 309 (1979). Defendant argues that the offense of

aggravated criminal sexual abuse requires an act of sexual conduct

with the victim (720 ILCS 12--16(d) (West 1992)), and that the mere

request for sexual conduct with the victim does not constitute a

"substantial step" towards the commission of that offense necessary

to establish attempt (720 ILCS 5/8--4(a) (West 1992)). However,

D.R. testified that defendant "[got] completely undressed" and then

requested that they engage in acts of mutual masturbation. After

careful consideration, we agree with the appellate court that this

act of exposure, when added to the request for sexual conduct, was

sufficient to constitute a substantial step notwithstanding the

lack of any actual contact between defendant and the victim. 276

Ill. App. 3d at 1008-09, citing People v. Brewer, 118 Ill. App. 3d

189 (1983). We therefore believe the evidence at trial was

sufficient for the jury to conclude that defendant was guilty

beyond a reasonable doubt, but note that this is not a finding that

would be binding on retrial. Taylor, 76 Ill. 2d at 309-10.

     Finally, we consider defendant's arguments regarding other

alleged erroneous instructions, to prevent these questions from

arising on retrial. Defendant contends that the trial court erred

in refusing his tendered instruction on the lesser included offense

of public indecency based on lewd exposure (720 ILCS 5/11--9(a)(2)

(West 1992)). The appellate court concluded that public indecency

based on lewd exposure was not an included offense of attempt

(aggravated criminal sexual abuse). 276 Ill. App. 3d at 1011.

     In People v. Novak, 163 Ill. 2d 93 (1994), we reaffirmed our

preference for the charging instrument approach in identifying

lesser included offenses. Under this approach, an offense is deemed

to be a lesser included offense if it is described by the charging

instrument. Novak, 163 Ill. 2d at 107. At a minimum, the instrument

charging the greater offense must " `set out the main outline of

the lesser offense.' " Novak, 163 Ill. 2d at 107, quoting People v.

Bryant, 113 Ill. 2d 497, 505 (1986). Contrary to the appellate

court's holding, we find that the lesser included offense at issue

was adequately described by the charging instrument. It is clear

from the language of the information, as set forth above, that the

"main outline" of the offense of public indecency based on lewd

exposure can be found therein. See 720 ILCS 5/11--9 (West 1992).

However, "[t]he identification of a lesser included offense does

not automatically give rise to a correlative right to have the jury

instructed on the lesser offense." Novak, 163 Ill. 2d at 108.

     Before a defendant is entitled to a lesser included offense

instruction, the trial court must examine the evidence presented

and determine if it would "permit a jury rationally to find the

defendant guilty of the lesser included offense and acquit him or

her of the greater offense." Novak, 163 Ill. 2d at 108. In the case

at bar, there was no evidence presented, by either the State or

defense, that the defendant's act of exposure was "done with intent

to arouse or to satisfy the sexual desire of the [defendant]." 720

ILCS 5/11--9(a)(2) (West 1992). Rather, the evidence showed that

defendant disrobed in the hope of achieving sexual gratification

through sexual conduct with D.R. Thus, the trial court did not err

in refusing to give the lesser included offense instruction,

because the jury could not have rationally convicted defendant of

public indecency based on lewd exposure where it was not

established that that act was done with the intent to arouse or

satisfy defendant's sexual desire. See People v. Harris, 205 Ill.

App. 3d 873, 876 (1990).

     Defendant also contends that the trial court erred when it

gave a misleading and incorrect instruction on the definition of

sexual conduct. For the reasons stated by the appellate court (276

Ill App. 3d at 1010), we agree with defendant and trust that this

error will not be repeated on retrial.

     For the foregoing reasons, the judgments of the circuit and

appellate courts are reversed and this cause is remanded for a new

trial consistent with the views expressed herein.

   

                                                   Reversed and remanded.

                                                                         

     JUSTICE McMORROW, dissenting:

     I respectfully dissent because I believe that defendant's

conviction should be reversed outright. In my opinion, the State

failed to prove, and cannot prove, under the facts in this case,

that defendant committed the crime of attempted aggravated criminal

sexual abuse. The facts in the case at bar do not constitute

attempted aggravated criminal sexual abuse, and therefore defendant

should not be subjected to another trial. Scrutiny of the record

and study of the pertinent case law reveal that the State failed to

carry its burden of proving that defendant committed a criminal

attempt by taking the requisite "substantial step" toward

perpetrating aggravated criminal sexual abuse. If the proof of any

element of the charged crime is lacking or deficient, defendant is

entitled to acquittal as a matter of law. To retry him under such

circumstances would violate the constitutional prohibition against

double jeopardy. Therefore, I dissent from my colleagues' decision

to remand this cause for new trial.

     The majority reverses the appellate court's affirmance of the

conviction, based on one issue of trial error, and remands for new

trial. The majority concludes that defendant was entitled to a jury

instruction on the affirmative defense that he reasonably believed

that the victim was 17 years of age or older. Defendant did not

testify to what age he believed D.R. to be, nor did defense counsel

introduce any evidence to show that defendant believed the victim

to be older than he actually was. However, the opinion cites to

cases which permit a defendant to tender an affirmative defense

instruction even if defendant presents no affirmative evidence, as

long as there is evidence in the record which supports an inference

in favor of such a defense. In this case the actual or apparent age

of the complaining witness is important. The fact that D.R. was

only two months less than 17 years of age and that he was allowed

to stay out all night and drink alcohol warrants the giving of an

instruction to the jury to decide whether defendant had a

reasonable belief that D.R. was not under age.

     Notwithstanding my agreement with the conclusion of the

majority that defendant's affirmative defense instruction should

have been given, I believe there are more cogent reasons why

defendant's conviction should be reversed. First and foremost, the

majority opinion does not address the question of whether the

State's evidence against defendant duly proved the elements of the

crime charged; it simply announces that the evidence is sufficient.

However, the case at bar involves a fundamental question of whether

the crime for which defendant was convicted can be proved under the

facts of the case. The question is not whether the evidence

establishes that defendant disrobed in front of D.R. and invited

mutual masturbation. The defendant does not argue that the evidence

failed to prove those facts, and the record contains sufficient

evidence to establish them. Rather, the question is whether such

conduct constitutes the crime of attempted aggravated criminal

sexual abuse. Because I believe it does not, based on case law,

logic, and the facts of this case, I cannot agree with that portion

of the opinion which summarily affirms the appellate court's ruling

on the sufficiency of the evidence, and orders defendant to be

tried again. This is not a minor objection to the majority's

opinion, because the conclusion that defendant did not commit the

crime of attempted aggravated criminal sexual abuse should result

in the outright reversal of the conviction and not a remand for

retrial. If any element of the crime charged is not proved or is

deficient, requiring a defendant to be retried would violate his

constitutional right against double jeopardy.

     In large part, the majority's ruling that the evidence is

sufficient stems from its failure to analyze the legal requirements

of the crime of attempt and the underlying sexual offense.

Therefore, it is necessary to examine both the legal elements of

the offense with which defendant was charged and the evidence

adduced at trial to prove the elements.

                                     I

     The Illinois Criminal Code of 1961 provides that "[a] person

commits an attempt when, with intent to commit a specific offense,

he does any act which constitutes a substantial step toward the

commission of that offense." (Emphasis added.) 720 ILCS 5/8--4(a)

(West 1992). The scienter of attempted crimes is the specific

intent to commit a particular offense. See, e.g., People v. Harris,

72 Ill. 2d 16, 27-28 (1978); People v. Trinkle, 68 Ill. 2d 198, 203

(1977); People v. Viser, 62 Ill. 2d 568, 581 (1975). In addition to

the requisite intent to commit a particular offense, a criminal

attempt requires the taking of a substantial step toward committing

the underlying offense. The defendant must, either by conduct or

words or both, have actually begun to commit the crime or plainly

manifested the intent to commit the underlying crime. Mere

preparation for engaging in the proscribed act does not suffice.

E.g., People v. Smith, 148 Ill. 2d 454, 459 (1992); People v.

Terrell, 99 Ill. 2d 427, 436 (1984). To obtain a conviction under

the Illinois attempt statute, the prosecution's evidence must

demonstrate that defendant came within " `dangerous proximity to

success[ful]' " completion of the crime. See United States v.

Davis, 16 F.3d 212, 218 (7th Cir. 1994); People v. Smith, 148 Ill.

2d at 460 (and cases cited).

     In the case at bar, one of the issues raised by defendant is

whether his conduct reasonably can be found to constitute a

substantial step toward committing the type of sexual contact

prohibited by the aggravated criminal sexual abuse statute. The

State argues that defendant's act of undressing was not a lesser

offense consisting of lewd exposure but instead constituted

"preparation" for having sexual contact with D.R. As previously

noted, however, mere preparation does not satisfy the requirement

that a "substantial step" toward commission of the crime must be

established in order to prove a defendant guilty of the inchoate

crime of attempt. The record establishes that, with the exception

of defendant's oral inquiry to D.R., nothing else happened after

defendant disrobed. He and D.R. remained seated on the floor

talking. Defendant did not make any move toward D.R. that could be

interpreted as the commencement of a sexual crime against him.

Defendant did not reach toward D.R., did not touch his clothing or

his body, restrain him, or engage in any conduct which would

exhibit the specific intent to engage in prohibited sexual conduct

with D.R. In my opinion, defendant did not take a substantial step

toward perpetrating attempted aggravated criminal sexual abuse.

     The majority concludes that defendant's invitation for sexual

conduct constitutes the necessary substantial step. However, the

majority opinion offers no independent analysis beyond professing

"careful consideration" of the issue. Slip op. at 6. The elements

of aggravated criminal sexual abuse are not analyzed in the

majority opinion, nor is pertinent case law discussed or

distinguished. As more fully explained below, the majority's

acceptance of the State's theory that defendant's passive

invitation for sexual conduct sustains its burden of proving

defendant guilty of the charged offense does not withstand

analysis.

                                    II

     The relevant provision of the aggravated criminal sexual abuse

statute applicable to the case at bar is section 12--16(d), which

criminalizes a defendant's "sexual conduct with a victim who was at

least 13 years of age but under 17 years of age and the accused was

at least 5 years older than the victim." 720 ILCS 5/12--16(d) (West

1992). The essential provision of the criminal sexual abuse statute

requires proof that the defendant engaged in "sexual conduct" with

the victim. "Sexual conduct" is defined as "any intentional or

knowing touching or fondling by the victim or the accused, either

directly or through clothing, of the sex organs, anus or breast of

the victim or the accused, *** for the purpose of sexual

gratification or arousal of the victim or the accused." (Emphasis

added.) 720 ILCS 5/12--12(e) (West 1992).

     Case law holds that the elements of aggravated criminal sexual

abuse require touching between the accused and the victim. In

People v. Gann, 141 Ill. App. 3d 34 (1986), after reviewing the

definition of sexual conduct, the appellate court concluded that

the defendant's self-stimulation in the presence of a minor did not

violate the aggravated criminal sexual abuse statute because there

was no sexual touching between the minor and the accused.

Therefore, the appellate court reversed the defendant's conviction

of aggravated criminal sexual abuse and remanded for further

proceedings, noting that defendant's behavior was already addressed

in the lewd exposure subsection of the public indecency statute.

     In People v. Deal, 185 Ill. App. 3d 332 (1989), the court

relied on Gann and held that a count charging aggravated criminal

sexual abuse for defendant's fondling himself in front of the minor

for purposes of arousal did not state an offense. In People v.

Harris, 205 Ill. App. 3d 873 (1990), the court held that absent

physical contact between perpetrator and victim, a charge of public

indecency based on sexual conduct failed to state an offense.

Although the evidence that defendant masturbated in the presence of

juvenile males would have supported a public indecency charge based

on lewd exposure, the Harris court noted that the State did not

charge defendant with that offense.

     Gann, Deal, and Harris establish that a defendant who publicly

exposes himself in a lewd manner or fondles himself in front of

minors is not guilty of aggravated criminal sexual abuse, if he

does not engage in direct sexual touching or fondling of the

victims. None of these cases suggest that the defendants could

have been prosecuted for attempted aggravated criminal sexual abuse

based on the theory that their exposure and masturbation, without

more, constituted the requisite substantial step toward engaging in

sexual conduct with the minors. In the case at bar, it is

uncontested that defendant did not touch D.R., make any move toward

him, or coerce D.R. into engaging in masturbation with him.

Defendant's nudity or exposure by itself was not criminal in

nature. Therefore, the question becomes whether the sole additional

factor of defendant's verbal invitation to D.R. to engage in sexual

conduct can satisfy the "substantial step" requirement of criminal

attempt in the case at bar.

     In considering the above question, it should be noted that

defendant's solicitation for sexual conduct with D.R. did not

violate any Illinois criminal statute. Indecent solicitation of a

child prohibits persons older than 17 from soliciting a "child

under the age of 13 to do any act, which if done would be

aggravated criminal sexual assault, criminal sexual assault,

aggravated criminal sexual abuse or criminal sexual abuse."

(Emphasis added.) 720 ILCS 5/11--6 (West 1992). In the case at bar,

defendant's solicitation for sexual conduct with D.R. did not

constitute solicitation of a child because D.R. was not a child

under the age of 13.

     In People v. Nash, 183 Ill. App. 3d 924 (1989), the reviewing

court affirmed a conviction for indecent solicitation of a child.

It is significant that the defendant in Nash (as the defendant in

the case at bar) had also been indicted for attempted aggravated

criminal sexual abuse. The trial court directed a verdict in favor

of defendant on the attempt charge. The facts revealed that a

school custodian placed a note in the locker of a 10-year-old,

requesting that the two of them see each other naked and touch each

other. The effect of the directed verdict is to hold that such

conduct did not constitute a substantial step toward committing

aggravated criminal sexual abuse as a matter of law.

     Consistent with the Nash court's disposition of the attempted

aggravated criminal sexual abuse charge, other cases also

illustrate that when a conviction for an attempted sexual offense

is sustained, the evidence revealed that the defendants had

actually engaged in physical conduct signalling the forceful

commencement of a sexual act, rather than merely a passive request

for sexual conduct. For example, in People v. Sutton, 252 Ill. App.

3d 172 (1993), the defendant was convicted of crimes, including

attempted aggravated criminal sexual abuse, based on evidence that

the defendant punched, choked, lay on top of, and threatened the

physically handicapped victim while beginning to remove her

clothing and his own clothing. The court held that defendant's "act

of touching the victim's body with his constituted a substantial

step toward committing sexual conduct." Sutton, 252 Ill. App. 3d at

187. In People v. Traufler, 152 Ill. App. 3d 987 (1987), the court

affirmed a conviction for attempted aggravated criminal sexual

assault, where the evidence of defendant's specific intent to rape

the victim and his substantial step toward perpetrating such

offense included throwing the victim against the wall, telling her

in essence that he wanted to rape her, and beginning to remove her

clothing. See also People v. Bridgewater, 259 Ill. App. 3d 344

(1994).

     In contrast to the active and forcible conduct evidenced in

Sutton, Traufler, and Bridgewater, in the case at bar defendant's

request for sexual conduct was unaccompanied by even a suggestion

of coercion or physical force. There is a qualitative difference

between a passive request for sex and the actual commencement of a

sexual crime, manifested by the use of force by a defendant. My

research reveals no case comparable to the one at bar in which a

defendant was convicted of attempted aggravated criminal sexual

abuse based on disrobing in front of a minor or solicitating such

minor, without any physical manifestation that the defendant, with

the requisite intent, had begun forcing himself sexually on the

victim.

     In the instant case, defendant could not have been found

guilty of a completed offense of aggravated criminal sexual abuse

under Illinois law because there was no physical contact between

the complainant and defendant. Nor is there sufficient evidence

from which to infer that defendant's nudity and mere verbal request

for sexual contact, without more, legally constitutes an attempt to

commit aggravated criminal sexual abuse. At most, the evidence

demonstrates defendant's hope or desire to engage in sexual

conduct, which is not, to my knowledge, criminal. According to the

facts reported, defendant made no move toward D.R. and in no way

attempted, physically or verbally, to begin touching D.R. or coerce

sexual conduct with him. Defendant's undressing cannot reasonably

be construed as attempted aggravated criminal sexual abuse.

Otherwise, whenever a person removes clothing in the presence of

another he or she could be prosecuted for attempted criminal sexual

abuse.

     To summarize, under Illinois' statutory scheme of sexual

offenses, defendant could not be convicted of the offense of

aggravated criminal sexual abuse because there was no sexual

contact between him and D.R. Defendant could not be convicted of

solicitation of a child, because D.R. was older than 13 years of

age. Furthermore, defendant's act of disrobing in a nonpublic place

is not a criminal offense. Notwithstanding the noncriminal nature

of both acts--defendant's undressing and his solicitation of sexual

conduct with D.R.--the majority holds that in combination the acts

give birth to a felony: attempted aggravated criminal sexual abuse.

The alchemy behind such transformation is in no way explained in

the majority decision.

     In a single paragraph of its opinion, the majority in the

instant case dispenses with defendant's argument that the evidence

did not sustain his conviction for attempted aggravated criminal

sexual abuse. Without any discussion of cases involving attempts to

commit aggravated criminal sexual offenses, the majority announces,

          "After careful consideration, we agree with the appellate

          court that this act of exposure, when added to the

          request for sexual conduct, was sufficient to constitute

          a substantial step notwithstanding the lack of any actual

          contact between defendant and the victim. 276 Ill. App.

          3d at 1008-09, citing People v. Brewer, 118 Ill. App. 3d

          189 (1983). We therefore believe the evidence at trial

          was sufficient for the jury to conclude that defendant

          was guilty beyond a reasonable doubt ***." Slip op. at 6.

     The appellate court's reliance on Brewer and this court's

apparent approval of that case is difficult to understand because

Brewer involved different statutory offenses as well as children

who were under the age of 13. In Brewer, the defendant had exposed

himself to a six-year-old and a seven-year-old in a public park,

offering them $5 to perform fellatio on him. The defendant was

convicted of attempted indecent liberties with a child and indecent

solicitation. One of the issues the defendant raised on appeal was

whether his conviction for indecent solicitation should be vacated,

either because it was based on the same acts as the conviction for

attempted indecent liberties or because solicitation was a lesser

included offense of attempted indecent liberties. Without extended

analysis or case citation, the Brewer court agreed with defendant

that the solicitation conviction should be vacated because,

"[w]hile it [was] clear that separate acts were committed by the

defendant, it is equally clear that the act of exposure alone

without the request for fellatio would not have established the

offense of attempt (indecent liberties) as a matter of law."

Brewer, 118 Ill. App. 3d at 198.

     Although the Brewer court's quoted language could be

interpreted as implying that it was defendant's request for

fellatio, apart from or in addition to his public display, which

satisfied the substantial step requirement of attempted indecent

liberties, the defendant in Brewer had not challenged the propriety

of the attempt charge and the court was not faced with the issue

which is presented in the case at bar. Moreover, the offense of

indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par.

11--4) is not the same offense as aggravated criminal sexual abuse

and has been held to have substantially different elements. See,

e.g., People v. Demeron, 153 Ill. App. 3d 440, 448-49 (1987)

(holding that newly enacted statutory scheme of sexual offenses

substantially changed nature of indecent liberties offense). The

victims in Brewer were young children, the solicitation of which

was, and continues to be, proscribed by law, while in the instant

case, defendant's solicitation of D.R., who was over the age of 13,

is not a crime. Accordingly, whatever relevance the majority in the

instant case perceives that Brewer has to the case at bar remains

unexplained and obscure.

     In the case at bar, defendant was sentenced to five years in

prison for conduct that is not criminal under Illinois' existing

scheme of sexual offenses. He did not commit the predicate criminal

sexual conduct because there was no sexual "touching or fondling"

between him and D.R. Taking off one's clothes in a private bedroom

is not a crime, even if done during a conversation with a 16-year-

old. Soliciting sexual conduct with a minor over the age of 13 is

not a crime. Mere desire for sexual conduct is not the equivalent

of specific intent to force such conduct upon another. Mere

preparation for or anticipation of sexual conduct is not the

substantial step required under Illinois attempt law. Under the

majority's holding today, a crime nonetheless emerges out of the

mists. I cannot join in this result, nor can I condone this court's

requiring defendant to undergo a second trial and perhaps again be

sentenced to a lengthy prison term. It is the duty of the reviewing

court to ensure that no person accused of a crime is convicted if

reliable evidentiary support for the conviction is lacking. The

test is whether, after viewing the evidence in light most favorable

to the prosecution, any rational fact finder could have found the

essential elements of the offense beyond a reasonable doubt. E.g.,

People v. Schott, 145 Ill. 2d 188, 203 (1991). Applying this

standard, I conclude that defendant's conviction cannot be

sustained.

     The majority acknowledges that the jury received erroneous

instructions and directs that such instructions not be given upon

retrial. However, the majority does not acknowledge that its

resolution of this case unfairly gives the State another chance to

convict defendant of a serious felony based on insufficient

evidence of any criminal conduct. The jury heard brief testimony

describing defendant's nude solicitation of a minor who was almost

17 years old. Despite the fact that defendant's nude solicitation

of D.R. was not criminal under Illinois law, the jury was

hopelessly misinstructed on the proper elements of attempted

aggravated criminal sexual abuse. The jury was also offered a

confusing public indecency instruction that lacked evidentiary

support. Under these erroneous instructions, as long as the jury

believed that defendant made a nude solicitation for sex, the only

verdict it could reach was that defendant was guilty of attempted

aggravated criminal sexual abuse. No legitimate purpose is served

in remanding this case for another trial. Defendant's conduct may

be viewed as offensive, but he should not be subjected to further

felony prosecution and risk a significant prison term based on

nonexisting evidence of criminal guilt.

     For the foregoing reasons, I dissent.