NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240461-U

No. 4-24-0461

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 16, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Mercer County |
| MATTHEW MILLAGE, | ) | No. 22CF73 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Matthew W. Durbin, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and Grischow concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court affirmed, concluding (1) defendant's challenge to the time allotted for defense counsel to find an Illinois Pattern Jury Instruction was barred under the doctrine of invited error, (2) defendant had not shown the trial court erred by failing to *sua sponte* instruct the jury concerning mere presence at the scene, and (3) defense counsel did not render ineffective assistance.

¶ 2   Following a jury trial, defendant, Matthew Millage, was found guilty of burglary (720 ILCS 5/19-1(a) (West 2022)) and sentenced to 36 months' probation and 120 days in jail. Defendant appeals, arguing (1) the trial court erred by (a) failing to instruct the jury on the presented defense of mere presence at the scene and (b) not allowing defense counsel sufficient time to find the Illinois Pattern Jury Instruction (IPI) on mere presence and (2) defense counsel rendered ineffective assistance by (a) not having the applicable IPI on mere presence ready at the commencement of the trial and (b) failing to preserve his challenge to the adequacy of the jury

instructions for appeal. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        In August 2022, the State charged defendant by information with one count of burglary (720 ILCS 5/19-1(a) (West 2022)). The information alleged, on or about August 24, 2022, defendant knowingly and without authority entered a building located at 262 240th Street, Aledo, Mercer County, Illinois, with the intent to commit therein a theft.

¶ 5        At an October 2023 jury trial, the State presented testimony from (1) three law enforcement officers; (2) the property owner of 262 240th Street, Aledo, George Peace; and (3) an individual who pleaded guilty to burglarizing Peace's property, Zach Bewley. The State also presented several photographs, the majority of which were taken from a trail camera at Peace's property. Defendant did not present any evidence.

¶ 6        The State established in July 2022, law enforcement placed trail cameras at Peace's property following a string of reported burglaries. On August 25, 2022, Peace reported his property had been burglarized again. Law enforcement reviewed photographs from a trail camera inside Peace's machine shed and were able to identify two men, Bewley and defendant. The photographs, which are time stamped between 2:54 a.m. and 3:37 a.m. on August 24, 2022, depict the men pointing flashlights around the machine shed and holding various items in their hands. Peace testified he did not know Bewley or defendant and did not give anyone permission to be on his property or take items from his property in August 2022.

¶ 7        A detective spoke with defendant about the incident. Defendant initially denied having been to Peace's property. When informed about the photographs taken from the trail camera, defendant admitted he went to the property with Bewley. Defendant asserted Bewley told

him the property belonged to Bewley's uncle and they had permission to be there.

¶ 8        Bewley testified he did not know Peace and went to Peace's property "[t]o take the stuff that I took." Bewley testified defendant went to Peace's property with him and "[t]he only reason he was there is 'cause I asked him for help." When asked what Bewley asked defendant to help do, Bewley stated, "To take what I took, what I already pled guilty for." When asked how he came to ask defendant for help, Bewley stated, "I drove by and seen an abandon[ed] farm and then I went and asked him if he would help me." When asked if he or defendant obtained permission to go to Peace's property, Bewley stated, "No." Bewley testified he went to Peace's property "to take some of the things." Bewley did not remember what he took from the property. Bewley testified he picked defendant up in the middle of the night and drove to Peace's property.

¶ 9        On cross-examination, Bewley testified he and defendant took defendant's truck to Peace's property, but Bewley drove defendant's truck. When asked if he told defendant the property was his uncle's, Bewley stated, "I don't remember." Bewley testified he did not tell defendant what they were going there to do. When asked if he told defendant it was an abandoned farm they were going to, Bewley stated, "Yes." When asked if he told defendant he had the right to take things from the property, Bewley stated, "No, I didn't tell him anything." Bewley testified he asked defendant to "come in and help" him and defendant did help him. When asked what defendant did, Bewley stated, "Just pretty much stood there and made sure nobody was coming." Bewley testified he did not tell defendant what he was doing and did not tell defendant anything he was doing was illegal. When asked if he told defendant to act as a lookout and make sure nobody was coming, Bewley stated, "No, not really."

¶ 10        At the close of the evidence, the following discussion transpired concerning a "mere presence" jury instruction:

"[DEFENSE COUNSEL]: I received the instructions today from [the State], Your Honor, and I've read through them. I don't have any objections to the ones that she proposes, Your Honor. The only issue that I have and I'll be honest, Your Honor, I wasn't prepared because I did not anticipate the evidence coming in the way that it did, and I did some preliminary research. I believe there is an instruction and I thought it was a pattern instruction, but I can't find it, that indicates that mere presence is not enough to convict someone.

Now, I will be honest with the Court, as I do a wide variety of criminal work, it may be that I'm dragging that over from a drug trafficking or drug transaction instruction, you know, packet or, you know, they put them all together. So in the limited time I had to look, I did not find that, Your Honor.

THE COURT: Do you need more time to submit a defense instruction for this jury?

[DEFENSE COUNSEL]: I—I believe that I do. And I—I realize the problem that it's creating for everybody, but I do believe—I guess my question, Your Honor, is whether it's an IPI or whether it's a non-IPI. If—if the—if the meat of the instruction essentially says that mere presence of the defendant at the scene of a crime is not—I'm still working on the wording, is not evidence alone that can convict the defendant, or something along those lines, is that something the Court is going to allow in? If you're telling me that that's not something, then I'll just make a record that I would have offered it and I didn't have final language.

THE COURT: [Defense counsel], you're putting this Court into a box.

[DEFENSE COUNSEL]: I understand.

THE COURT: And by putting it into a box, I'm telling you that I haven't seen said instruction, I've never seen said instruction, nor, if it's an IPI, read the notes. So if you need additional time to research that, this matter will be continued until tomorrow morning, at which time we can pick up and I can review that and do my own research.

[DEFENSE COUNSEL]: I believe that I do, Your Honor. What I would suggest, if I may, is I will do it, research it, *** send it to the Court, so that [the State] can be ready in the morning for that instruction.

THE COURT: [The State].

[THE STATE]: Your Honor, I would object. I—the—I think that the proposition—the propositions the way that they are in the IPIs that the State has proposed is that there is more than that. The defendant knowingly entered a building, did so without authority, and did so with the intent to commit therein a theft. Those are the propositions that have to be proven. I also believe that there is case law that if the defense does not have their jury instructions prepared, then they—by default the ones that the State has prepared is what is moved forward with outside of we would obviously have to withdraw ones that say you should judge the testimony of the defendant. I—the continued—I want the jury to decide while the information is fresh in their minds. I think that that's highly prejudicial to go home, think about it, come back. I think that while the testimony and the evidence is fresh in the jury's mind is the best time to be deliberating.

THE COURT: And you don't believe it would be prejudicial to the defense to not have, after hearing all the evidence, an opportunity to present a defense

instruction to the jurors so they can deliberate fully?

[THE STATE]: We were set for trial. I mean, I had my instructions done. I have conditional ones that I always print off. I mean, I—

THE COURT: No, I understand.

[THE STATE]: I understand that we can't—I understand that we can't—I understand that you can't predict exactly how it's going to come off, but I—I prepare a set to be relatively prepared. There is not any ready.

[DEFENSE COUNSEL]: Your Honor, I was provided with these this morning.

[THE STATE]: The State does not have to provide copies of that.

THE COURT: That doesn't matter. You knew this case inside and out before you showed up here today so I'm not buying that. What I'm saying is are you for certain that there is an instruction that exists to this?

[DEFENSE COUNSEL]: I'm not.

THE COURT: 'Cause I've never seen it.

[DEFENSE COUNSEL]: I'm not, Your Honor.

THE COURT: All right.

[DEFENSE COUNSEL]: Here is what I would propose, Your Honor. If you're willing to give me about 15 minutes to take a look, I will have an answer as to whether I can find something or not. If I cannot find something, I'm not going to go hunting all night for something that—the pattern instructions are there, Your Honor, it's not going to take me that long to look through them.

THE COURT: Well, I've been through the IPIs more than most. So,

- 6 -

[defense counsel], do your search. You have 15 minutes.

[DEFENSE COUNSEL]: Thank you.

THE COURT: This Court will be in recess until then.

(Recess taken.)

THE COURT: Turn the recording back on. All right. We are back on the record in [case No.] 22[-]CF[-]73, People versus Matthew Millage. All parties have returned.

The Court took a brief break to allow the defense to research a pattern jury instruction they believe to exist. [Defense counsel], did you have enough time to pull up the IPIs?

[DEFENSE COUNSEL]: I did, Your Honor.

THE COURT: And did you find one that needs to be included before we get to our jury instruction conference?

[DEFENSE COUNSEL]: I did not, Your Honor, but I am requesting the court give a non-IPI instruction that reads as follows, if I may.

THE COURT: Please.

[DEFENSE COUNSEL]: Mere presence at the scene of a crime or mere knowledge that a crime is being committed, is not sufficient to establish that the defendant committed the crime of burglary. The defendant must be a participant and not merely a knowing spectator.

THE COURT: The proposed instruction is denied. It is not a pattern instruction. These things that the defense seeks to argue are factual in nature. The Court will not instruct the jury as to that. However, [the court] will allow the

defense to argue those points before the jury."

¶ 11    In closing arguments, the State argued defendant was guilty of burglary because he knowingly and without authority entered Peace's machine shed with the intent to commit therein a theft. Defense counsel, in turn, argued the State had not proven defendant had the requisite intent when he entered Peace's machine shed. Defense counsel asserted the evidence showed Bewley acquired defendant's assistance under false pretenses.

¶ 12    The jury was instructed, pursuant to IPI, Criminal, No. 14.07 (approved July 29, 2022) (hereinafter IPI Criminal No. 14.07), "A person commits the offense of burglary when he, without authority, knowingly enters a building with intent to commit therein the offense of theft." The jury was also instructed, pursuant to IPI, Criminal, No. 14.08 (approved July 29, 2022) (hereinafter IPI Criminal No. 14.08),

> "To sustain the charge of burglary by unauthorized entry, the State must prove the following propositions;
>
> First Proposition: That the defendant knowingly entered a building; and
>
> Second Proposition: That the defendant did so without authority; and
>
> Third Proposition: That the defendant did so with the intent to commit therein the offense of theft.
>
> If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.
>
> If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

¶ 13　　　　　Following its deliberations, the jury returned a verdict finding defendant guilty of burglary. The trial court later sentenced defendant to 36 months' probation and 120 days in jail. Defendant did not file a posttrial motion challenging the proceedings.

¶ 14　　　　　This appeal followed.

¶ 15　　　　　　　　　　　　　　　II. ANALYSIS

¶ 16　　　　　On appeal, defendant argues (1) the trial court erred by (a) failing to instruct the jury on the presented defense of mere presence at the scene and (b) not allowing defense counsel sufficient time to find the IPI on mere presence and (2) defense counsel rendered ineffective assistance by (a) not having the applicable IPI on mere presence ready at the commencement of the trial and (b) failing to preserve his challenge to the adequacy of the jury instructions for appeal. The State disagrees with each of defendant's arguments.

¶ 17　　　　　We begin with defendant's challenge to the time allotted for defense counsel to find the IPI on mere presence. Defendant argues the trial court erred by not allowing defense counsel sufficient time to find the IPI. Defendant acknowledges he has forfeited his challenge by failing to adequately raise it below but asks it to be reviewed as a matter of first-prong plain error.

¶ 18　　　　　Under the doctrine of invited error, "an accused may not request to proceed in one manner and later contend on appeal that the course of action was in error." *People v. Harvey*, 211 Ill. 2d 368, 385 (2004). As our supreme court has explained, to allow a defendant to use the exact ruling or action procured in the trial court as a vehicle for reversal on appeal would offend notions of fair play and encourage defendants to become duplicitous. *Id.* It would also deprive the State of the opportunity to cure the alleged defect. *People v. Bush*, 214 Ill. 2d 318, 332 (2005). Invited errors, as a result, are not reviewed under the plain-error doctrine. See, *e.g.*, *People v. Patrick*, 233 Ill. 2d 62, 77 (2009).

¶ 19       In this case, we find defendant invited any error related to the time allotted for defense counsel to find the IPI on mere presence. A review of the discussion on the matter shows it was defense counsel who, following the State's objection to a continuance of the proceedings until the next day, proposed the trial court give him 15 minutes to search for the IPI, noting it would not take him long to look through the pattern instructions. Defense counsel's proposal was granted by the court. Accordingly, we conclude defendant's challenge is barred under the doctrine of invited error, and we need not consider the issue further.

¶ 20       We turn next to defendant's challenge to the instructions given to the jury. Defendant argues the trial court erred by failing to instruct the jury on the presented defense of mere presence at the scene. Specifically, defendant asserts the court should have, *sua sponte*, instructed the jury with supplementary language from an applicable IPI or, to the extent the IPI was not applicable, given "some instruction" on mere presence. Defendant, again, acknowledges he has forfeited his challenge by failing to adequately raise it below but asks it to be reviewed as a matter of first-prong plain error.

¶ 21       The plain-error doctrine provides a "narrow and limited exception" to the general rule of forfeiture. *People v. Jackson*, 2020 IL 124112, ¶ 81; see *People v. Hartfield*, 2022 IL 126729, ¶¶ 49-50 (stating unpreserved jury instruction errors may be reviewed as a matter of plain error). Under the plain-error doctrine, a reviewing court may consider an unpreserved claim of error

> "when a clear or obvious error occurred and (1) the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant (first-prong plain error) or (2) the error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process

(second-prong plain error)." *People v. Schoonover*, 2021 IL 124832, ¶ 27. The defendant bears the burden of persuasion in establishing plain error. *People v. Wilmington*, 2013 IL 112938, ¶ 43.

¶ 22 Our first step under the plain-error doctrine is to determine whether there has been a clear or obvious error. *People v. Jackson*, 2022 IL 127256, ¶ 21. As defendant acknowledges, a trial court is generally "under no obligation either to give jury instructions not requested by counsel or to rewrite instructions tendered by counsel." *People v. Underwood*, 72 Ill. 2d 124, 129 (1978). On this point, we note defendant does not dispute the non-IPI defense counsel tendered on mere presence was argumentative and, therefore, subject to rejection. See *People v. Bannister*, 232 Ill. 2d 52, 81 (2008) (A non-IPI must be "an accurate, simple, brief, impartial, and nonargumentative statement of the law.").

¶ 23 Still, "[t]he function of jury instructions is to provide the jury with accurate legal principles to apply to the evidence so it can reach a correct conclusion." *Hartfield*, 2022 IL 126729, ¶ 51. As a result, a trial court is, at times, required to *sua sponte* give an instruction where the instructions tendered do not adequately apprise the jury of the law. See *People v. Hopp*, 209 Ill. 2d 1, 8 (2004) ("[T]he erroneous omission of a jury instruction rises to the level of plain error only when the omission creates a serious risk that the jurors incorrectly convicted the defendant because they did not understand the applicable law, so as to severely threaten the fairness of the trial."); *People v. Grant*, 2016 IL App (5th) 130416-B, ¶ 31 ("[I]n the criminal context, trial courts are required to give certain jury instructions *sua sponte* in order to ensure the defendant's right to a fair trial."). For instance, our courts have found a trial court must assure the jury is instructed as to the presumption of innocence, the elements of the offense charged, and the burden of proof. *People v. Ammons*, 2021 IL App (3d) 150743, ¶ 41.

¶ 24    In this case, we find defendant has not shown the trial court was required to *sua sponte* instruct the jury that defendant's mere presence at Peace's property would be insufficient to find him guilty of burglary. Assuming, *arguendo*, the evidence presented was sufficient to support any such instruction, the jury was instructed pursuant to IPI Criminal No. 14.07 and IPI Criminal No. 14.08 that to find defendant guilty of the offense of burglary, it was required to find beyond a reasonable doubt defendant knowingly entered a building with intent to commit therein the offense of theft. These instructions, as the State suggested below, apprised the jury that defendant's mere presence at Peace's property would be insufficient to find him guilty of burglary. Accordingly, we conclude defendant has not shown the court erred by failing to *sua sponte* instruct the jury concerning mere presence at the scene. We need not, therefore, proceed further in our analysis under the plain-error doctrine.

¶ 25    In so concluding, we have considered *People v. Jones*, 175 Ill. 2d 126 (1997), upon which defendant primarily relied, and found it to be distinguishable. In that case, the supreme court found the defendant, who was tried on a charge of attempted aggravated criminal sexual assault, was denied due process when the trial court refused his tendered jury instruction on the affirmative defense that he had a reasonable belief the victim had attained the age of 17, as "the jury lacked the necessary tools to analyze the evidence fully and to reach a verdict based on those facts." *Id.* at 132-134. Unlike *Jones*, the instructions tendered in this case apprised the jury that defendant's mere presence at Peace's property would be insufficient to find him guilty of burglary.

¶ 26    And finally, we turn to defendant's challenge to defense counsel's performance. Defendant argues defense counsel rendered ineffective assistance by (1) not having the applicable IPI on mere presence ready at the commencement of the trial and (2) failing to preserve his challenge to the adequacy of the jury instructions for appeal.

¶ 27 "Both the United States and Illinois constitutions guarantee criminal defendants the right to the effective assistance of counsel." *People v. Hale*, 2013 IL 113140, ¶ 15. To establish ineffective assistance of counsel, a defendant must show *both* (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance of counsel prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); see *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984) (adopting the *Strickland* standard).

¶ 28 Defendant initially argues defense counsel rendered ineffective assistance by not having the applicable IPI on mere presence ready at the commencement of the trial. We disagree. Defendant's argument is premised upon his belief that the supplementary "mere presence" language found in the committee notes to IPI, Criminal, No. 5.03 (approved Oct. 28, 2016) (hereinafter IPI Criminal No. 5.03), was applicable and would have been given if tendered. However, the committee notes indicate the supplementary language should be given "[i]n addition to Instruction 5.03," which sets forth the law concerning accountability. *Id.* Indeed, the supplementary language states, in part, "mere presence at the scene of a crime does not make a person accountable for an offense." *Id.* Here, the State did not seek to hold defendant criminally accountable for the conduct of Bewley. Rather, it elected to charge defendant as a principal and to argue defendant was guilty as a principal, and the jury, in turn, was instructed to consider defendant's guilt as a principal. See IPI Criminal No. 14.07 and IPI Criminal No. 14.08. The supplementary language to IPI Criminal No. 5.03, therefore, was inapplicable and would not have been given if tendered. Accordingly, we conclude defense counsel did not render ineffective assistance by not having IPI Criminal No. 5.03 ready at the commencement of the trial.

¶ 29 Defendant also argues defense counsel rendered ineffective assistance by failing to preserve his challenge to the adequacy of the jury instructions for appeal. We disagree. As

indicated above, we find the instructions tendered apprised the jury that defendant's mere presence at Peace's property would be insufficient to find him guilty of burglary and, therefore, the trial court was not required to *sua sponte* instruct the jury concerning mere presence. Additionally, with respect to defendant's challenge to the court not allowing defense counsel sufficient time to find IPI Criminal No. 5.03, counsel indicated he had enough time to review the IPIs and, moreover, as indicated above the supplementary language from IPI was not, in fact, applicable. Accordingly, we conclude defense counsel did not render ineffective assistance by failing to preserve defendant's challenge to the adequacy of the jury instructions for appeal.

¶ 30                                III. CONCLUSION

¶ 31        For the reasons stated, we affirm the trial court's judgment.

¶ 32        Affirmed.